ASSOCIATES OF OBSTETRICS AND FEMALE SURGERY, INC., a Utah Corporation, Plaintiff and Respondent,

v.

APOLLO PRODUCTIONS, INC., a Utah Corporation, et al., Defendants and Appellants.

No. 13992.

Supreme Court of Utah.

Nov. 21, 1975.

---

2. 38 A.L.R.3d 613, Sec. 2; 118 U. of Pa.Law Rev. 1 (1969).

3. 102 Utah 435, 444, 132 P.2d 114 (1942).

4. 268 Or. 258, 518 P.2d 636 (1973).

Barrie G. McKay and William Thomas Thurman, of McKay, Burton, McMurray & Thurman, Salt Lake City, for defendants and appellants.

Paul M. Hansen, Findley P. Gridley and Robert A. Echard, Ogden, for plaintiff and respondent.

ELLETT, Justice:

The defendant National Bank of North America, hereinafter referred to as appellant or Bank, has taken an interlocutory appeal from the ruling of the trial court whereby its motion to dismiss was denied.

The appellant is a national banking association with its principal place of business in the eastern district of New York and with no branch or agent in Utah. It was made a party defendant in this action for the reason that the plaintiff claims to have loaned a large sum of money to the Apollo Productions, Inc., because the Bank agreed to protect the investment and to supervise all deposits of the proceeds of Apollo's films and to see that plaintiff's investment was satisfied ahead of that of its own. Plaintiff claims that the Bank breached its promises so made.

The Bank claims that the Utah courts lack jurisdiction over it because it is a national banking association. It relies on Title 12, Section 94, of the United States Code, which reads:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Since the Bank is established in the eastern district of New York, it argues that it must be sued there.

The only contention made before us is that of venue.

It is to be noticed that the language of the statute is permissive and not exclusive.

There is another section of the United States Code which is of interest in this matter. That is Section 1348 of Title 28, which provides in substance that federal district courts shall have original jurisdiction of civil actions commenced by the United States against any national banking association, any civil action to wind up such association's affairs, and any action by a banking association established in the district for which the court is held to enjoin the Comptroller of the Currency or any receiver acting under his jurisdiction. This section then provides:

All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

Also by Section 24 of Title 12, U.S.C.A., it is clear that the statute is not mandatory. That section reads:

Upon duly making and filing articles of association . . . a national banking association shall become, . . . a body corporate, and as such, . . . it shall have power—

* * * * * *

Fourth. To sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons.

* * * * * *

It thus appears that there is no intention to exclude state courts' jurisdiction in situations such as this.

While some cases seem to hold that the statute requires actions to be filed in the place where the bank is established, that is not the better holding. The statute has

sometimes been held to be mandatory only in cases where a penalty is being claimed against the bank.[1]

In the case of *First National Bank in St. Louis v. State of Missouri*[2] the Supreme Court said:

National banks are brought into existence under federal legislation, are instrumentalities of the federal government and are necessarily subject to the paramount authority of the United States. Nevertheless, national banks are subject to the laws of a State in respect of their affairs unless such laws interfere with the purposes of their creation, tend to impair or destroy their efficiency as federal agencies or conflict with the paramount law of the United States. *National Bank v. Commonwealth,* 9 Wall. 353, 362 [19 L.Ed. 701]; *Davis v. Elmira Savings Bank,* 161 U.S. 275, 283 [16 S.Ct. 502, 40 L.Ed. 700]. These two cases are cited and followed in the later case of *McClellan v. Chipman,* 164 U.S. 347, 357 [17 S.Ct. 85, 41 L.Ed. 461], and the principle which they establish is said to contain a rule and an exception, "the rule being the operation of general state laws upon the dealings and contracts of national banks, the exception being the cessation of the operation of such laws whenever they expressly conflict with the laws of the United States or frustrate the purpose for which national banks were created, or impair their efficiency to discharge the duties imposed upon them by the law of the United States." See also *Waite v. Dowley,* 94 U.S. 527, 533 [24 L.Ed. 181].

█ It appears that the plaintiff by this action is not attempting to interfere with the operation of the Bank, or to frustrate the purpose for which it was created, or to impair the efficiency to discharge the du-

ties imposed upon it by law. The Bank is, therefore, amenable to process in the courts of Utah, the same as any other citizen of New York State would be.

█ The motion made by the Bank to dismiss was based solely upon the proposition that the action could only be tried in New York, and that is the thrust made in this appeal. The motion as made was correctly denied. We do not search the record to see if there might be other grounds for reversing the trial court,[3] and so we affirm the ruling made by the trial court. Costs are awarded to the respondent.

HENRIOD, C. J., and TUCKETT, CROCKETT and MAUGHAN, JJ., concur.

---

1. *Guerra v. Lemburg,* 22 S.W.2d 336 (Tex. Civ.App.1929).

2. 263 U.S. 640, 656, 44 S.Ct. 213, 215, 68 L.Ed. 486 (1923).

3. *Anderson v. Gousset,* 60 Ill.App.2d 309, 208 N.E.2d 37 (1965).