NATIONAL BANK OF NORTH AMERICA *v.* ASSO-
CIATES OF OBSTETRICS AND FEMALE
SURGERY, INC., ET AL.

No. 75–1106.   Decided April 26, 1976

PER CURIAM.

The petitioner is a national banking association with
its principal place of business in New York.   It has no
offices or agents in Utah and does not regularly conduct
business in that State.   The respondent Associates of
Obstetrics brought a breach-of-contract action against
the petitioner in a Utah state court, seeking damages on
the ground that the petitioner had induced the respond-
ent to lend a large sum of money to a Utah corporation
on the representation that the loan would be protected
and that the petitioner had defaulted on this agreement.
The petitioner moved to dismiss the complaint on the
basis of the venue provision of the National Bank Act,
Rev. Stat. § 5198, 12 U. S. C. § 94.   That section pro-
vides that venue for actions against a national banking

association shall lie "in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." After the Utah trial court granted the petitioner's motion, the respondent filed an amended complaint alleging that the petitioner had waived the protection of § 94 by making a loan to the Utah corporation and seeking to place that corporation into bankruptcy in a Federal District Court in Utah. The state trial court denied a motion to dismiss the amended complaint and the Utah Supreme Court affirmed, holding that the venue provision of the National Bank Act is "permissive and not exclusive," *Associates of Obstetrics* v. *Apollo Productions, Inc.*, 542 P. 2d 1079, 1080.

In *Mercantile Nat. Bank* v. *Langdeau*, 371 U. S. 555 (1963), and *Michigan Nat. Bank* v. *Robertson*, 372 U. S. 591 (1963), this Court held that the provision in § 94 concerning venue in state, county, or municipal courts is not permissive, but mandatory, and, therefore, "that national banks may be sued only in those state courts in the county where the banks are located." 371 U. S., at 561. Accordingly, we grant the petition for certiorari and vacate the judgment of the Utah Supreme Court. Since that court did not reach the respondent's contention that the petitioner had waived the provisions of § 94, the case is remanded for a determination of that issue.* See *Michigan Nat. Bank* v. *Robertson, supra,* at 594.

*It is so ordered.*

Mr. Justice Rehnquist, concurring.

*Charlotte Nat. Bank* v. *Morgan,* 132 U. S. 141 (1889), recognized that the exemption of national banking asso-

---

*The respondent also argues that § 94 does not apply because this action is local in nature. See *Casey* v. *Adams,* 102 U. S. 66 (1880). This argument is based on the fact that a loan was made by

ciations from suit in counties or cities other than those in which they were located was a personal privilege of the associations which could be waived by them. *Id.,* at 145. This exception to the otherwise mandatory nature of this venue limitation has been carried forward in the current recodification of the federally created privilege. *Michigan Nat. Bank* v. *Robertson,* 372 U. S. 591, 594 (1963). In *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.,* 308 U. S. 165 (1939), the Court held that by designating an agent for service of process within a State, a corporation gave its consent to be sued in federal court within that State notwithstanding the provisions of the predecessor to 28 U. S. C. § 1391 (c), which accorded defendants in federal courts a privilege regarding venue essentially equivalent to that found in 12 U. S. C. § 94. I see no reason for concluding that the venue privilege extended by § 94 is of a different nature from that contained in § 1391, or that it may not be similarly waived by the conduct of a national banking association. Thus, I believe *Neirbo* establishes that petitioner National Bank could be deemed to have consented to being sued in Utah by providing an agent for service of process in that State or otherwise qualifying to do business therein according to Utah law. The record before us does not reveal whether such facts may exist in this case, however, and the Utah courts apparently engaged in no inquiry along these lines. I therefore agree with the Court's decision to remand this case to the Utah court in order that it can examine whether petitioner may have waived the privilege afforded it by § 94.

the petitioner to a Utah corporation and that the petitioner has claimed a security interest in the assets of that corporation in a bankrupcy petition. But the *Robertson* decision established that such factors do not bring a case within the local-action exception to § 94 carved out by *Casey* v. *Adams, supra.* See 372 U. S., at 593–594.