**ASSOCIATES OF OBSTETRICS AND FEMALE SURGERY, INC., a Utah Corporation, Plaintiff and Respondent,**

v.

**APOLLO PRODUCTIONS, INC., a Utah Corporation, et al., Defendants and Appellants.**

**No. 13992.**

Supreme Court of Utah.

Oct. 19, 1976.

Barrie G. McKay and William Thomas Thurman, of McKay, Burton, McMurray & Thurman, Salt Lake City, Edward Myer, New York City, for defendants and appellants.

Paul M. Hansen, Findley P. Gridley and Robert A. Echard, Ogden, for plaintiff and respondent.

ELLETT, Justice:

The defendant, National Bank Of North America, has its principal place of business in the eastern district of New York State. It was sued in Utah for an alleged breach of contract with the plaintiff. It moved the trial court to dismiss the complaint on the ground that the court lacked jurisdiction to hear the matter since any suit against it could only be maintained in the eastern district of New York. The trial court refused to dismiss and on appeal, we affirmed. [1]

The bank then appealed to the United States Supreme Court, which Court disagreed with the reason for our decision but refused to dismiss on another ground and remanded the case for further proceeding, to wit: To determine whether the bank had waived its immunity from suit in Utah. [2]

We, therefore, remand this case to the trial court to determine if the bank, by its

1. *Assoc. of Obstetrics· v. Apollo*, 542 P.2d 1079 (Utah, 1975).

2. *National Bank of North America v. Assoc. of Obstetrics*, 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92, decided April 26, 1976. The decision of the Court was apparently based upon the case of *Michigan National Bank v. Robertson*, 372 U.S. 591, 594, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963), which was based upon the prior case of *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). The *Langdeau* case merely held that a suit had to be brought in the home county of the bank when the

bank was located within the state. We think our holding in the instant matter was more consonant with justice than are the cases cited in the decision by the U.S. Supreme Court. Those decisions would seem to require a person defrauded by a Federal Bank to travel thousands of miles in order to get any relief. Such holdings permit a Federal Bank to establish headquarters in one single county in any state and then establish hindquarters all over the nation, and thus be immune from the operation of the laws of all other states wherein it may choose to do business.

conduct, has waived such immunity from suit as it may have.

■ The bank has failed in its effort to have the complaint dismissed and, therefore, the plaintiff should be, and it is, awarded costs on this appeal.

GEORGE E. BALLIF, District Judge concurs.

HENRIOD, C. J., concurs in the main opinion and also concurs in the opinion of CROCKETT, J.

MAUGHAN, J., concurs in result.

CROCKETT, Justice (concurring specially):

I do not disagree with the remand to determine whether the bank may have subjected itself to the jurisdiction of our court by its conduct in this State. However, I desire to record my opinion that if the statute referred to is regarded as mandatory and exclusive in compelling all claimants against the bank under any circumstances to sue it only in the county wherein it does business, then to that extent the statute is, and ought to be adjudged, unconstitutional and of no effect.

If that statute be so regarded as mandatory, the defendant Bank could send its officers or agents into any county of the State (or any other state for that matter) and have them engage in any manner of activities therein in such a way as to meet all of the requirements set forth in the adjudicated cases,[1] and without regard to inconvenience or hardship to any aggrieved person, insist that such person could not sue the bank except by going to the county of its situs in New York.

The granting of such a special protection to such a national bank would be an unjustified discrimination in its favor not accorded other banks or other litigants; and it would thus deny to the latter equality in access to the courts,[2] equal protection of the laws[3] and due process of law contrary to the assurances in our State and the federal constitutions.[4]

The defendant Bank is entitled to and should be bound by "equal rights for all and special privileges for none." It therefore should be held to respond in exactly the same manner and under the same tests as all other banks and citizens, as to whether its activities within this State subject it to the jurisdiction of our courts. This is truth and justice as I see it; and no judgment or order of any court can make it otherwise.

---

1. See e. g., *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 2d 95; *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; *Hill v. Zale Corp.*, 25 Utah 2d 357, 482 P.2d 332.

2. Utah Const., Sec. 11, Art. I.

3. Utah Const., Sec. 2, Art. I.

4. U.S.Const. Amends. V and XIV, Sec. I; also Utah Const. Sec. 7, Art. I.