No. 76–126. CHASE MANHATTAN BANK *v.* SAILBOAT APARTMENT CORP. ET AL. Dist. Ct. App. Fla., 3d Dist. Certiorari granted, judgment vacated, and case remanded for a determination of whether petitioner has waived protection of the venue provision of the National Bank Act, 12 U. S. C. § 94. See *National Bank* v. *Associates of Obstetrics,* 425 U. S. 460 (1976).

MR. JUSTICE STEVENS, with whom MR. JUSTICE BRENNAN joins, dissenting.

The Court's action in this case is not supported by the precedent on which it relies. In *National Bank* v. *Associates of Obstetrics,* 425 U. S. 460, the Utah Supreme Court erroneously held that 12 U. S. C. § 94 was "permissive and not exclusive." We remanded because that court had not reached the waiver issue in its previous opinion. In the present case, however, the state courts have given no explanation for their rejection of petitioner's venue claim. A remand in this case can only rest on the unwarranted assumption that the state courts relied on some ground other than waiver. The pre-

sumption, however, should be that the state courts recognized and relied on the strongest argument in favor of their holding—in this case, the waiver argument.*

I am therefore unable to concur in the Court's summary action in this case. Since this case is unworthy of plenary review, I would deny certiorari.

---

*The waiver argument is based on the conduct of petitioner's alleged corporate alter ego. Apparently the Court finds some possible merit in this argument; otherwise, it would simply reject the argument summarily as it did the "local action" argument in *National Bank,* 425 U. S., at 461 n.