NATHAN, Judge,
concurring specially.
I must concur based on the authority of National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc., 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed. 92, (1976). I also am of the view that we must recede from our opinion in Vann v. First National Bank in Little Rock, 324 So.2d 94 (Fla. 3rd DCA 1975), which held that when a bank “locates” itself in another jurisdiction for the limited transaction of business and commits tortious acts, by and through its agent, the bank has waived its privilege to the extent of being sued on the local transaction or activity involving the alleged tortious acts. Compare Buffum v. Chase Nat. Bank of City of New York, 192 F.2d 58 (7th Cir. 1951). In Buffum, it was held that venue was waived where the bank applied for and obtained leave to transact business *790 in the state of Illinois for a limited purpose; the bank had consented to be sued there as to transactions growing out of that purpose.