[No. 2267–3.   Division Three.   August 9, 1977.]

OLD NATIONAL BANK OF WASHINGTON, *Petitioner*, v.
RAINIER BANCORPORATION, *Respondent*.

*William D. Symmes, Thomas D. Cochran,* and *Witherspoon, Kelley, Davenport & Toole,* for petitioner.

*Stephen Crary, Robert A. Medved, Graham, McCord, Dunn, Moen, Johnston & Rosenquist, Robert McNichols,* and *Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll,* for respondent.

MUNSON, C.J.—The plaintiff, Old National Bank of Washington (ONB), sought discretionary review from an order granting a change of venue from Spokane to King County. Review was granted; we reverse.

ONB instituted this action against Rainier Bancorporation and Rainier National Bank by filing and serving the complaint September 1, 1976, but voluntarily dismissed Rainier National Bank on the same day. The complaint alleges, among other things, the defendant's infringement of the plaintiff's service mark—"Money-Max"—by utilizing its service mark—"Blue Max," and seeks damages for that infringement. In addition, Old National Bank seeks a permanent injunction enjoining Rainier National Bank from using the words "Blue Max" and "Max," and further requiring destruction of "all advertising material, letterheads, stationery, signs, and other printed material of any nature whatsoever" utilizing those words or groups of words which simulate plaintiff's service mark.

Rainier Bancorporation, a holding company, owns 100 percent of the shares of Rainier National Bank and maintains its home office in King County.

One day after this action was filed and served, Rainier Bancorporation transferred the service mark "Blue Max" to the Rainier National Bank.

Rainier Bancorporation moved to strike ONB's application for a preliminary injunction and either for a dismissal of this action or for a change of venue to King County. The court decided only the motion for change of venue, reserving the other motions to be ruled upon by the King County

Superior Court. Discretionary review was granted Old National Bank by our Commissioner on the basis that the Superior Court appeared to have committed probable error. RAP 2.3(b)(2).

In granting the change of venue, the trial court found that Rainier National Bank was a necessary party and should be joined in the interests of justice and judicial economy, primarily because Rainier National Bank was the party who had invested substantial sums in the preparation and distribution of the advertising material utilizing "Blue Max" and, at the time the motion was argued, was the assignee of the trademark. Although ONB peripherally attacks that finding, we find the challenge is not well taken; the trial court correctly found Rainier National Bank to be a necessary party.

CR 19 provides:

> (a) . . . A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, . . . If he has not been so joined, the court shall order that he be made a party. . . . If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

■ Rainier National Bank is a national banking association. Those associations have been accorded the option of being sued only in the district in which their home office is located. 12 U.S.C. § 94 (1945):

> Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, *or in any State,* county, or municipal *court in the county* or city *in which said association is located having jurisdiction* in similar cases.

(Italics ours.) *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 48 L. Ed. 2d 540, 96 S. Ct. 1989 (1976); *Super Value Stores, Inc. v. Western Film Serv. Corp.,* 416 F. Supp. 662

(D. Minn. 1976). *See also Mercantile Nat'l Bank v. Langdeau,* 371 U.S. 555, 9 L. Ed. 2d 523, 83 S. Ct. 520 (1963); *National Bank of North America v. Associates of Obstetrics & Female Surgery, Inc.,* 425 U.S. 460, 48 L. Ed. 2d 92, 96 S. Ct. 1632 (1976). However, that option may be either waived or lost, depending upon the acts of the national banking association. *Central Bank, Nat'l Ass'n v. Superior Court,* 30 Cal. App. 3d 962, 106 Cal. Rptr. 912 (1973); *e.g., First Nat'l Bank v. Morgan,* 132 U.S. 141, 33 L. Ed. 282, 10 S. Ct. 37 (1889); *Michigan Nat'l Bank v. Robertson,* 372 U.S. 591, 9 L. Ed. 2d 961, 83 S. Ct. 914 (1963).

■ Apparently the trial court's order was premised on the belief that Rainier National Bank, being a necessary party, could only be joined in the county of its main office, *i.e.,* King County. We disagree. The bank can be joined in Spokane County, but has a right to challenge the venue and have it transferred to King County.

We recognize that CR 19(a) denotes that if the joined party objects to venue and his joinder "would render the venue of the action improper, he shall be dismissed", but that portion of the rule is not applicable here. RCW 4.12.027[1] and RCW 4.12.030[2] provide for a change of venue in such an instance.

ONB argues that it will resist any change in venue on the basis that Rainier National Bank has waived the provisions of 12 U.S.C. § 94 (1945). He is entitled to make that argu-

---

[1]RCW 4.12.027 states:

"If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears . . . or answers, files an affidavit of merits and demands that the trial be had in the proper county."

[2]RCW 4.12.030 states:

"The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

"(1) That the county designated in the complaint is not the proper county; . . ."

ment, but Rainier National Bank is entitled to be heard as well. Although we perceive that the court may have been a prophet in entering the change of venue order, we find that it is premature. While the provisions of CR 19, as they have been interpreted under Fed. R. Civ. P. 19, do encourage a practical approach to these procedural issues,[3] the plaintiff has a right to choose its forum, subject to the rights of the defendants or potential defendants. The parent holding company may be correct when it advises the court that the bank will seek a change of venue, but until it does, that issue is not properly before the court. Conversely, ONB may persuade the trial court that the bank has waived its right to venue in King County.

We concur in the trial court's determination that the bank is a necessary party to this action; if not on the issue of damages or infringement upon the service mark, it certainly is a necessary party to any injunctive action. Even though ONB admits 12 U.S.C. § 91 (1945)[4] prohibits a state court from issuing a preliminary injunction against a national banking association, it nonetheless is seeking a permanent injunction and rather drastic action to put an end to an endeavor in which the bank has expended admittedly in excess of $700,000. The Commissioner's ruling is

---

[3]*See Glenny v. American Metal Climax, Inc.*, 494 F.2d 651 (10th Cir. 1974); *Schutten v. Shell Oil Co.*, 421 F.2d 869, 21 A.L.R. Fed. 1 (5th Cir. 1970); *Robertson v. National Basketball Ass'n*, 389 F. Supp. 867 (S.D.N.Y. 1975), all of which rely upon the *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 106–07, 110, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968); *cf.* Annot., *Who Must be Joined in Action as Person "Needed for Just Adjudication" Under Rule 19(a), Federal Rules of Civil Procedure*, 22 A.L.R. Fed. 765 (1975); Annot., *Validity, Construction, and Application of Rule 19(b) of Federal Rules of Civil Procedure*, 21 A.L.R. Fed. 12 (1974).

[4]"[N]o attachment, injunction, or execution shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court." 12 U.S.C. § 91 (1945).

358

affirmed; the order changing venue to King County is reversed, and the matter remanded for further proceedings.

GREEN and McINTURFF, JJ., concur.