**Ronald F. STINNETT, Plaintiff,**

v.

**THIRD NATIONAL BANK OF HAMP-DEN COUNTY and T.N.B. Financial Corporation, Defendants.**

**Civ. No. 4–77–340.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 3, 1978.

---

Ronald F. Stinnett, pro se.

Robert R. Drevlow, Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

Defendant Third National Bank of Hampden County (bank), chartered in Massachusetts, brought suit in 1976 against plaintiff in Minnesota, in Hennepin County District Court, to recover on a promissory note. The complaint and affidavits filed by a vice president and an attorney for the bank stated that plaintiff had recently been indicted in Massachusetts and made reference to two news articles from Massachusetts newspapers attached as exhibits. The news articles reported that plaintiff had been indicted for bribery. Plaintiff alleges that the news articles are false and defamatory and that defendants republished them in the complaint and accompanying affidavits. After the bank secured a temporary restraining order enjoining plaintiff from disposing of his assets, the parties settled the state-court suit pursuant to a stipulation. Plaintiff brings this action for defamation against the bank and T.N.B. Financial Corporation, a Massachusetts bank-holding company that is its principal shareholder. Jurisdiction is founded on diversity of citizenship; plaintiff, a resident of Minnesota, proceeds pro se.

Defendants have moved to dismiss the complaint on five grounds: improper venue, forum non conveniens, lack of personal jurisdiction, insufficient process, and failure to state a claim upon which relief can be granted. The Court heard oral argument on the motion on December 14, 1977. Based on that argument, the parties' memoranda, and the files and records in this proceeding, the Court denies defendants' motion in each respect.

Defendant bank argues initially that venue in Minnesota is improper against it, relying on 12 U.S.C. § 94. That section governs venue of suits against national banks:

> Actions and proceedings against any association under this chapter may be had in any *district or Territorial court of the United States held within the district in which such association may be established,* or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases. [Emphasis added.]

Plaintiff concedes that section 94 ordinarily would require this suit to have been brought in Massachusetts, but argues that defendant bank has waived this privilege.

It is well established that the venue restriction of section 94 is a personal privilege that may be waived by the bank. E. g., *Nat'l Bank of North America v. Associates of Obstetrics & Female Surgery, Inc.,* 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976). See generally Annot., 1 A.L.R.3d 904. Waiver may occur in one of two ways: by failure to raise timely objection to venue, e. g., *First Nat'l Bank of Charlotte v. Morgan,* 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889); or through conduct that is inconsistent with a later assertion of the privilege. A standard evaluating whether particular conduct constitutes a waiver was advanced in *Buffum v. Chase Nat'l Bank,* 192 F.2d 58, 60–61 (7th Cir. 1951), *cert. denied,* 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952):

> The right of defendant growing out of Section 94 does not differ from other similar rights to be sued only in certain places. It is a personal right and, obviously, may be waived by the conduct of the one to whom it belongs. Waiver is a voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed. . . . It may be expressed formally or it may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon

it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible.

██ Plaintiff argues that the bank's initiation of suit in Hennepin County District Court constitutes a waiver of its venue privilege with respect to causes of action arising directly from prosecution of that suit.[1] In one sense, initiation of suit in Minnesota does not evince waiver. Plaintiff resides in Minnesota, and the bank's most ready remedy on the promissory note is in the courts in the state in which the maker resides. Thus, recovery of money owed on the promissory note is a reasonable explanation, apart from waiver of its venue privilege, of the bank's conduct. See *Nevada Nat'l Bank v. Superior Court for Los Angeles County,* 45 Cal.App.3d 966, 119 Cal. Rptr. 778 (1975). The Court agrees that initiation of suit in a foreign jurisdiction should not be construed as a general waiver by a national bank of its right to be sued where it is established. But waiver may be found where the action against a national bank is brought by a defendant in litigation the bank pursued in the jurisdiction and concerns causes of action that arise directly from the bank's suit. By undertaking litigation, the bank avails itself of the benefits, procedures, and protections of the foreign jurisdiction. To the extent the bank abuses these privileges, it should be held to answer in the courts in that state. No reason appears to subject a Minnesota resident to the inconvenience of bringing suit in Massachusetts, when his complaint arises entirely out of defendant's voluntary prosecution of suit against him here. A national bank may be said to have assumed the risk that prosecution of litigation in a foreign jurisdiction may subject it to such suits in that jurisdiction.[2] The Court finds venue proper here. See *Landmark Bank v. Giroux,* 345 So.2d 847 (Fla.Dist.App.1977); *Texas Commerce Bank Nat'l Ass'n v. Tripp,* 516 S.W.2d 256 (Tex.Civ.App.1974), vacated as moot, 18 Tex.Sup.Ct.J. 278 (April 12, 1975); *Continental Nat'l Bank v. Folsum,* 78 Ga. 449, 3 S.E. 269 (1887). But see *Bechtel v. Liberty Nat'l Bank,* 534 F.2d 1335 (9th Cir. 1976). See also *First Nat'l Bank v. Stoutco, Inc.,* 530 S.W.2d 619 (Tex. Civ.App.1975), writ dismissed for want of jurisdiction.

██ Defendants argue, second, that the doctrine of forum non conveniens requires dismissal of the instant action. This common-law doctrine has been supplanted in most instances by 28 U.S.C. § 1404(a). 1A J. Moore, Federal Practice ¶ .204, at 2208. Transfer rather than dismissal is the proper remedy if the convenience of the parties and witnesses and the interests of justice describe a more appropriate forum elsewhere. A motion to transfer will not be granted if it merely shifts inconvenience from one party to the other. Plaintiff's choice of forum is entitled to deference, and it is defendants' burden to show that another court would better accommodate the parties, witnesses, and interests of justice. See generally 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3848.

██ Defendants argue that bank and court records as well as bank officials,

---

1. No other substantial evidence of waiver appears. Plaintiff argues that transaction of business in Minnesota indicates the bank's consent to suit here. Apparently the only business the bank conducted locally was plaintiff's remittance of monthly loan payments to the bank's place of business in Massachusetts through the mails. Doing business in a foreign jurisdiction even through a branch bank has been held insufficient for waiver. *Northside Iron & Metal Co. v. Dobson & Johnson, Inc.,* 480 F.2d 798 (5th Cir. 1973). But cf. *National Bank of North America v. Associates of Obstetrics & Female Surgery, Inc.,* 425 U.S. 460, 96 S.Ct. 1632, 1633, 48 L.Ed.2d 92 (1976) (Rehnquist, J., concurring); *Citizens & Southern Nat'l Bank v. Bougas,* —— U.S. ——, 98 S.Ct. 88, 94, 54 L.Ed.2d 218 (1977) (Stewart, J., concurring).

2. A national bank waives its venue privilege with respect to counterclaims raised in suits it brings in foreign jurisdictions. See, e. g., *Exchange Nat'l Bank v. Abramson,* 45 F.R.D. 97 (D.Minn.1968); *Western Nat'l Bank v. Hix,* 533 S.W.2d 859 (Tex.Civ.App.1976).

would have to be summoned from Massachusetts for trial here. The Court views defendants' argument with skepticism. Defendants have failed to identify with any particularity the witnesses or documents it would rely on or the subject matter to which such evidence would relate. See *Clay v. Overseas Carriers Corp.*, 61 F.R.D. 325 (E.D.Pa.1973). It is not clear that even a defense of truth, which defendants suggested at oral argument, would be more conveniently tried in Massachusetts, since the indictment alone would appear to be conclusive evidence of the truth or falsity of the allegedly defamatory statements. The Court finds defendants have failed to meet their burden and therefore denies the motion to transfer.

■ Defendants mention, but do not argue, two other grounds for dismissal—lack of personal jurisdiction and insufficient process. Because defendants allegedly have committed a tort in Minnesota and have purposefully availed themselves of the benefits and protections of Minnesota law by initiating suit in Hennepin County, minimum contacts with the forum state appear established to satisfy both the due process clause of the Constitution and the Minnesota long-arm statute, Minn.St. 543.19.

Defendants also argue that the complaint fails to state a claim upon which relief can be granted in two respects. Defendants contend, first, that the allegedly defamatory statements were made in connection with judicial proceedings and thus were absolutely privileged, and, second, that plaintiff has failed to allege that defendant T.N.B. Financial Corp. defamed plaintiff.

■ Statements made in judicial proceedings are absolutely privileged if they have reference or a relation to the subject matter of the action. *Matthis v. Kennedy*, 243 Minn. 219, 67 N.W.2d 413 (1954); W. Prosser, Handbook of the Law of Torts § 114 (4th ed. 1971). Doubts are to be resolved in favor of privilege. *Jenson v. Olson*, 273 Minn. 390, 141 N.W.2d 488 (1966).

Defendants argue that plaintiff's then-recent indictment was relevant to the Hennepin County litigation as an averment relating to the likelihood that plaintiff would fraudulently secrete or transfer his remaining assets. As such, it would be relevant to the temporary injunction defendants secured, and therefore privileged. Plaintiff, however, moved to strike this "scandalous" matter from the pleadings, and defendants acceded in the stipulation that settled disposition of the case:

Plaintiff [here: defendant bank] hereby stipulates and agrees that all references in [its] pleadings to two newspaper articles referring to defendant [here: plaintiff]'s indictment in a misdemeanor matter in Massachusetts are immaterial and irrelevant and are hereby stricken from the pleadings herein without prejudice to the rights of defendant Stinnett. [¶ IX]

■ The Court admittedly is somewhat baffled by what the parties intended in this paragraph contained in their stipulation of settlement of the Hennepin County litigation. Until this paragraph is satisfactorily explained, the Court feels that it cannot find the statements privileged. Certainly, on a motion to dismiss, when factual inferences must be viewed in the light most favorable to the opponent of the motion, this result must follow.

■ Defendant T.N.B. Financial Corp. is correct in stating that it has no apparent links of authorship to the specific defamatory statements pled in the complaint. The complaint, however, was drawn by a layman and avers generally that both defendants defamed plaintiff. Consequently, it will withstand a motion to dismiss. See Fed.R.Civ.P. 8(a), (f); 9. Denial of the motion does not, of course, prevent T.N.B. Financial Corp. from moving for summary judgment.

IT IS ORDERED:

1. That defendants' motion to dismiss is denied in all respects.

2. That defendants' motion to transfer is denied.