ATTORNEY GENERAL vs. INDUSTRIAL NATIONAL BANK
OF RHODE ISLAND.

Suffolk.  March 6, 1980. — May 2, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*National Bank.  Attorney General.  Consumer Protection Act.  Practice,
Civil, Motion to dismiss, Venue.  Venue.  Waiver.*

An action by the Attorney General to enforce a civil investigative demand
under G. L. c. 93A, § 7, against a national bank with its principal
place of business in Rhode Island and no branch office in the Com-
monwealth should have been dismissed for lack of proper venue as the
action was not local in nature and there was no showing that the bank
had waived its venue privileges under 12 U.S.C. § 94 (1976)
[534-537]; the bank was not barred from raising its venue claim by its
failure to bring a proceeding under c. 93A, § 6 (7), to set aside the civil
investigative demand [537-538].

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 17, 1979.

The case was heard by *Adams*, J., on a motion to dismiss.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Robert D. Cohan*, Assistant Attorney General, for the
plaintiff.

*M. Robert Dushman* for the defendant.

WILKINS, J.  The defendant is a national bank, organized
under 12 U.S.C. § 21 (1976), with its principal place of
business in Rhode Island and no branch office in the Com-
monwealth. The bank refused to comply with a civil investi-
gative demand (C.I.D.) issued by the plaintiff Attorney
General pursuant to G. L. c. 93A, § 6. The Attorney
General filed a complaint under G. L. c. 93A, § 7, to en-
force the C.I.D. The bank then moved to dismiss on several

grounds, including improper venue (Mass. R. Civ. P. 12 [b] [3], 365 Mass. 754 [1974]) and failure to state a claim on which relief could be granted (Mass. R. Civ. P. 12 [b] [6], 365 Mass. 754 [1974]). The judge granted the motion on the rule 12 (b) (6) ground, but declined to rule on the venue question. We transferred the Attorney General's appeal here on our own motion and agree that the motion to dismiss should have been allowed, although we base our decision solely on the issue of improper venue.[1]

When a defense of lack of personal jurisdiction or, as here, improper venue is raised, the court should dispose of those issues before dealing with questions, such as rule 12 (b) (6) motions, that go to the merits of the case. See *Crocker* v. *Marine Nat'l Bank,* 101 Mass. 240 (1869); *Northwestern Nat'l Cas. Co.* v. *Global Moving & Storage, Inc.,* 533 F.2d 320, 323 (6th Cir. 1976); *Season-All Indus., Inc.* v. *Turkiye Sise Ve Cam Fabrikalari, A. S.,* 425 F.2d 34, 38 & n.7 (3d Cir. 1970); *Arrowsmith* v. *United Press Int'l,* 320 F.2d 219, 221 (2d Cir. 1963); 6 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1351, at 563 (1969); 2A Moore's Federal Practice par. 12.12, at 2324 (2d ed. 1979). We, therefore, consider the venue question first and, as we have said, conclude that it is dispositive of this case.[2]

Section 94 of Title 12 of the United States Code (1976) provides, in part, that proceedings against a national banking association may be brought "in any State, county, or municipal court in the county or city in which said association is located." A bank is located where it is established or where it maintains an authorized branch. *Citizens & S. Nat'l Bank* v. *Bougas,* 434 U.S. 35, 44 (1977). The venue provisions in 12 U.S.C. § 94 (1976) are mandatory. *Radzanower* v.

---

[1] For this reason we need not consider the merits of the case. For a comprehensive consideration of the C.I.D. statutes, see *Matter of Civil Investigative Demand Addressed to Yankee Milk, Inc.,* 372 Mass. 353 (1977). See also *CUNA Mut. Ins. Soc'y* v. *Attorney Gen., post* 539 (1980).

[2] The record before us is the same as that before the trial judge and, consequently, we see no reason to remand the case for consideration of the venue issue.

*Touche Ross & Co.,* 426 U.S. 148, 152 (1976). *Mercantile Nat'l Bank* v. *Langdeau,* 371 U.S. 555, 562 (1963). *Crocker* v. *Marine Nat'l Bank,* 101 Mass. 240 (1869). The only suits against banking associations that are exempt from the provisions of § 94 are (1) actions that are local (as opposed to transitory) in nature, *Casey* v. *Adams,* 102 U.S. 66, 68 (1880), and (2) actions in which the venue requirement has been waived, *First Nat'l Bank* v. *Morgan,* 132 U.S. 141, 145 (1889). The Attorney General contends that both of these exceptions apply.

Clearly, a suit to enforce a C.I.D. is not a local action. Venue is not restricted under G. L. c. 93A to the county where specific property is located. G. L. c. 93A, § 7. Thus, a C.I.D. enforcement action is very different from a suit that is concerned with the determination of local property interests and is brought at the situs of the property. See *National Bank of N. America* v. *Associates of Obstetrics & Female Surgery, Inc.,* 425 U.S. 460, 461-462 n* (1976); *Michigan Nat'l Bank* v. *Robertson,* 372 U.S. 591, 593-594 (1963). The proceeding in this case is in personam, not in rem; the Attorney General seeks a judgment against the bank, not against any local property. See *First Fed. Sav. & Loan Ass'n* v. *Merrimack Valley Nat'l Bank,* 5 Mass. App. Ct. 320, 322 (1977). This action, which apparently arises out of the bank's alleged participation in a number of retail sales contracts, is transitory. "Its nature is not changed merely because it relates to or arises out of a transaction involving real estate" (*id.*), if indeed that is the fact in this case.

The Attorney General did not seek leave in this action to discover facts which, in some way, might have shown that this action was local rather than transitory in nature. *First Fed. Sav. & Loan Ass'n* v. *Merrimack Valley Nat'l Bank, supra* at 323. *Murphy* v. *First Nat'l Bank,* 228 N.W.2d 372, 379 (Iowa 1975). See *First Nat'l Bank* v. *Slade,* 379 Mass. 243, 244-245 (1979). Certainly, enforcement of the C.I.D. could not be justified on the ground that the C.I.D. might produce evidence to justify venue in Massachusetts. Accept-

ance of such an argument would eviscerate the venue provisions of the Federal statute.[3]

The Attorney General claims further that the bank waived its right to assert the defense of improper venue by engaging in business activities in Massachusetts. The venue provisions of § 94 are a personal privilege that a national bank may assert or may waive at its election. *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939). An express waiver is not required. The venue privilege may be lost by failure to assert it seasonably, *First Nat'l Bank* v. *Morgan*, 132 U.S. 141, 145 (1889); by consent to be sued, *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.*, *supra* at 175; or by waiver through conduct, *Buffum* v. *Chase Nat'l Bank*, 192 F.2d 58, 60 (7th Cir. 1951), cert. denied, 342 U.S. 944 (1952). Exactly what conduct constitutes waiver of § 94 venue privileges has been the subject of debate in many State courts. See generally Annot., 1 A.L.R.3d 904 (1965 & Supp. 1979).[4] Proof that a national bank has

---

[3] As the Attorney General noted in his brief, § 94 has been the subject of a great deal of criticism. See *Michigan Nat'l Bank* v. *Robertson*, 372 U.S. 591, 595 (1963) (Black, J., concurring); *Ronson Corp.* v. *Liquifin Aktiengesellschaft*, 483 F.2d 852, 855 (3d Cir. 1973); Steinberg, Waiver of Venue under the National Bank Act: Preferential Treatment for National Banks, 62 Iowa L. Rev. 129 (1976); Comment, Restricted Venue in Suits Against National Banks: A Procedural Anachronism, 15 Wm. & Mary L. Rev. 179 (1973); Note, An Assault on the Venue Sanctuary of National Banks, 34 Geo. Wash. L. Rev. 765 (1966); ALI Study of the Division of Jurisdiction Between State and Federal Courts 77, 412-413 (1969). However, it is not within the authority of the Legislature of this Commonwealth to nullify the effect of this Federal statute by enacting a procedure that would require a national bank to waive its venue privileges.

[4] The court in *Buffum* v. *Chase Nat'l Bank*, 192 F.2d 58, 60-61 (7th Cir. 1951), cert. denied, 342 U.S. 944 (1952), defined waiver as follows:

"Waiver is a voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed. It may be expressed formally or it may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible" (citations omitted).

waived the venue privileges in § 94 requires more than a showing that the bank had minimal contacts with the forum State. See *Helco, Inc.* v. *First Nat'l City Bank,* 470 F.2d 883, 885 (3d Cir. 1972); *Staley* v. *Homeland, Inc.* 368 F. Supp. 1344, 1347 (E.D.N.C. 1974). Otherwise, the Congressional enactment, which was intended generally to afford national banks immunity from suit in foreign States, would be meaningless because the exception would engulf the rule. See *Mercantile Nat'l Bank* v. *Langdeau,* 371 U.S. 555, 560 (1963). Generally, in order to prove that a nonresident national bank by its conduct has waived the right to be exempt from suit in the forum State, the plaintiff must show that the bank previously had undertaken to enforce obligations within the State or had enlisted the aid of that State's legal processes to further or protect its own business interests there. See *Michigan Nat'l Bank* v. *Superior Court,* 23 Cal. App. 3d 1, 11 (1972). For example, a judge may consider how many times the bank has brought suit or has been sued in local courts without raising a venue objection under § 94. See, e.g., *Reaves* v. *Bank of America,* 352 F. Supp. 745, 749-750 (S.D. Cal. 1973).

The Attorney General has failed to prove that the bank waived its venue privileges under § 94. There is no contention that the bank expressly agreed or consented to be sued in Massachusetts. The bank was diligent in seasonably asserting its venue privilege. There is no indication of the extent to which the bank has been involved in litigation in Massachusetts.

The Attorney General contends that the bank is precluded from relying on its venue argument because it failed to raise that issue by bringing a proceeding under G.L. c. 93A, § 6 (7), which, on timely motion, allows the court to set aside a C.I.D. for good cause shown. The Attorney General claims that § 6 (7) is mandatory and that any defendant who could have raised a challenge to a C.I.D. under § 6 (7) cannot later assert that claim in an enforcement action under § 7. We need not decide whether § 6 (7) is mandatory. We note, however, that § 6 (7) does not speak in

any such mandatory terms. In this case, the bank should not be barred from raising the venue claim in an enforcement proceeding under § 7. If the bank, as a plaintiff, had initiated § 6 (7) proceedings in the Superior Court challenging the C.I.D. on the merits, it might well have been taken to have waived its venue privilege. See *Stinnett* v. *Third Nat'l Bank,* 443 F. Supp. 1014, 1017 (D. Minn. 1978). General Laws c. 93A. § 6 (7), cannot fairly be construed as superseding 12 U.S.C. § 94 (1976) by imposing a requirement that a national bank waive its venue privileges. See *Crocker* v. *Marine Nat'l Bank,* 101 Mass. 240, 242 (1869).

The judgment dismissing the complaint pursuant to Mass. R. Civ. P. 12 (b) (6) is vacated and another judgment dismissing the complaint pursuant to Mass. R. Civ. P. 12 (b) (3) for lack of venue shall be entered.

*So ordered.*