Aldo L. **LIVERA, Jr., Alpha Hermetic, Inc., C. M. R. Industries, Inc., Charles Donald McAllister, Jr., and Alice Ann McAllister, Plaintiffs,**

v.

**FIRST NATIONAL STATE BANK OF NEW JERSEY, Patrick Wallace, Ben Berzin, Jr., "A", "B", Michael Cardenas, in his capacity as Administrator of the Small Business Administration, Ronald Langell, "C", "D" and The United States of America, Defendants.**

No. 81 Civ. 3577.

United States District Court,
E. D. New York.

March 17, 1982.

Edward Cerny, III, Casey, Lane & Mittendorf, New York City, for plaintiffs Aldo Livera, Jr. and Alpha Hermetic, Inc.

Jeffrey Silberfeld, Rivkin, Leff, Sherman & Radler, Garden City, N. Y., for plaintiffs Charles McAllister, Alice McAllister and C. M. R. Industries, Inc.

Jeffrey Kreisberg, Hermann, Kreisberg & Woodrow, Great Neck, N. Y. (Raff, Scheider & Wiener, Arthur C. Linderman, Newark, N. J., of counsel), for defendants First Nat. State Bank of New Jersey, Patrick Wallace, and Ben Berzin, Jr.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Abraham Skoff, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendants Small Business Administration, Ronald Langell, and the U. S.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This action is brought by Alpha Hermetic, Inc. ("Alpha Hermetic"), a New Jersey corporation currently operating out of offices in North Bayshore, New York. Joining as co-plaintiffs are three individual and one corporate guarantor of certain Alpha Hermetic obligations. Although the individual plaintiffs now reside within this district, and the corporate guarantor does business here, when the cause of action accrued, Alpha Hermetic was operating out

of offices in New Jersey and the events giving rise to this action also occurred in New Jersey.

Plaintiffs allege that the defendants, acting through the First National State Bank of New Jersey (the "Bank"), charged an excessive rate of interest on a loan. Then, when Alpha Hermetic defaulted, the Bank commenced four separate actions (one in New Jersey and three in New York) in an attempt to liquidate collateral pledged by Alpha Hermetic and the other plaintiffs.

Plaintiffs now sue for legal and equitable relief on the theory that the defendants induced them into a credit relationship under a Small Business Administration ("SBA") loan program and then, in violation of plaintiffs' civil rights, failed to administer the loan in accordance with federal law. 42 U.S.C. § 1983. The Bank, the named individual defendants, and the regional office of the SBA, are all located or reside in New Jersey. The Bank now moves to dismiss, or in the alternative for a change of venue, pursuant to Section 94 of the National Bank Act.

DISCUSSION

Section 94 of the National Bank Act provides:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held *within the district in which such association may be established*, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

12 U.S.C. § 94 (emphasis added).

■ It is axiomatic that this provision is mandatory and that a national bank must be sued in the district in which it is established.[1] *See e.g., Citizens & Southern Nat'l Bank v. Bougas*, 434 U.S. 35, 38, 98 S.Ct. 88, 90, 54 L.Ed.2d 218 (1977); *National Bank of*

North America v. Associates of Obstetrics and Female Surgery, 425 U.S. 460, 461–62, 96 S.Ct. 1632, 1633, 48 L.Ed.2d 92 (1976); *Mercantile Nat'l Bank v. Langdeau*, 371 U.S. 555, 561, 83 S.Ct. 520, 523, 9 L.Ed.2d 523 (1963). While the venue provision may be waived (*Id.* at 561 & n.12, 83 S.Ct. at 523 n.12; *Charlotte Nat'l Bank v. Morgan*, 132 U.S. 141, 145, 10 S.Ct. 37, 38, 33 L.Ed. 282 (1889)), the vast majority of federal and state courts, including the Second Circuit, have interpreted waiver narrowly. *See, e.g., Klein v. Bower*, 421 F.2d 338, 342 (2d Cir. 1970). *See generally* Steinberg, *Waiver of Venue Under the National Bank Act: Preferential Treatment for National Banks*, 62 Iowa L.Rev. 129, 130–31 (1976). The standard that determines whether the defendant has waived its privilege is set forth in *Buffum v. Chase Nat'l Bank of New York*, 192 F.2d 58, 60–61 (7th Cir. 1951), *cert. denied*, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952):

Waiver is a voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed.... It may be expressed formally or it may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible.

Plaintiffs argue[2] that the Bank has waived its section 94 privilege to be sued only in New Jersey (1) by doing business in the State of New York; (2) by appointing an agent for service of process in New

---

1. There is no dispute that the Bank is subject to the National Bank Act, and that it is established in New Jersey.

2. In an elliptical argument, made without benefit of citation, plaintiffs also argue that section 94 does not apply because the Bank is being

sued as an agent of the United States. Frankly, the Court does not understand the point. In any event, the complaint charges the Bank as the prime wrongdoer and does not allege an agency.

**1066**

York; (3) by commencing lawsuits in the State of New York.

### 1. Doing Business in New York

■ The Bank maintains an office at 2 World Trade Tower in Manhattan for the limited purposes of transmitting shipping documents, and export-import documents, of providing a location for a meeting place for New York customers, and a messenger service between New York and New Jersey (see Affidavit of Edward C. Cerny, III, ¶ 5, dated December 4, 1981). Assuming, without deciding, that this constitutes doing business, nevertheless "merely doing business in a foreign district ... does not constitute a waiver of the privilege." *Northside Iron & Metal Co. v. Dobson & Johnson Inc.*, 480 F.2d 798, 800 (5th Cir. 1973); *Klein v. Bower*, 421 F.2d at 342; *Buffum v. Chase Nat'l Bank of City of New York*, 192 F.2d at 61; *Sulil Realty Corp. v. Rye Motors, Inc.*, 45 Misc.2d 458, 275 N.Y.S.2d 111 (Westchester Co. Ct.), *aff'd*, 47 Misc.2d 715, 262 N.Y.S.2d 989 (App. Term 1965).

Even if the Bank had established a fully-operating branch at its location in 2 World Trade Tower, venue would not be proper in this district. *Leonardi v. Chase Nat'l Bank of the City of New York*, 81 F.2d 19, 21–22 (2d Cir. 1936). *See Citizens & Southern Nat'l Bank v. Bougas*, 434 U.S. at 43–45, 98 S.Ct. at 93–94. In *Citizens & Southern*, the Supreme Court held that, for venue purposes in a state action, a bank is "located" in a county where it has a branch office. Its decision, however, was based on the distinction between the words "established" (used for the purpose of federal venue) and "located" (used for state venue) in section 94.[3] Thus, the Court implicitly affirmed that the location of a branch in a federal district does not render it "established" there for federal court venue purposes.

It follows then that if a fully-operating branch is not sufficiently established for venue purposes, then merely "doing business" in New York certainly does not "es-

tablish" the Bank in New York. Even if it did, the proper district for this suit would be the Southern District of New York, in which its office is located, not this district.

### 2. Appointing Agent for Service of Process

■ Plaintiffs cite Justice Rehnquist's concurring opinion in *National Bank of North America v. Ass'n of Obstretrics & Female Surgery*, 425 U.S. at 461–62, 96 S.Ct. at 1633, to support the argument that the appointment of an agent for service of process in New York suffices to demonstrate waiver. I note that the majority opinion did not so hold. Moreover, the argument that appointment of an agent constitutes a waiver is analytically indistinct from the plaintiffs' earlier argument that doing business constitutes a waiver. To obtain authority to do business in New York, a foreign corporation is statutorily required to designate an agent for service of process. New York Business Corporation Law § 304(a). Thus, the appointment of an agent for service adds nothing to the argument. Doing business and the concomitant designation of an agent for service of process do not constitute a waiver. *See Buffum v. Chase Nat'l Bank of City of New York*, 192 F.2d at 61.

### 3. Instituting New York State Lawsuits

■ Plaintiffs cite two federal district court and two sister state cases for the proposition that the institution of lawsuits in foreign jurisdictions constitutes a waiver. *See Stinnett v. Third Nat'l Bank of Hampden County*, 443 F.Supp. 1014, 1017 (D.Minn.1978); *Exchange Nat'l Bank of Chicago v. Abramson*, 45 F.R.D. 97 (D.Minn. 1968); *Attorney Gen'l v. Industrial Nat'l Bank of Rhode Island*, 380 Mass. 533, 404 N.E.2d 1215, 1218 (1980); *Michigan Nat'l Bank v. Superior Ct.*, 23 Cal.App.3d 1, 99 Cal.Rptr. 823 (Ct.App.1972). However, the decisions in most jurisdictions suggest the opposite. *See Bechtel v. Liberty Nat'l*

---

**3.** Recognizing that the Court's decision was based on this distinction, Justice Stewart, in a concurring opinion, disagreed that such a dis-

tinction was warranted and stated that he had "serious doubt" that the *Leonardi* case was "correctly decided."

Bank, 534 F.2d 1335, 1339 (9th Cir. 1976); *Stinnett v. Third Nat'l Bank of Hampden Co.*, 443 F.Supp. at 1017 ("initiation of suit in [foreign district alone] does not evince waiver"); *Atlantic Quality Construction Corp. v. First Pennsylvania Bank*, 440 F.Supp. 213 (D.P.R.1976).

In *Bechtel*, plaintiff sued a New Mexico bank in Arizona, alleging that the bank had engaged in fraudulent misrepresentations in connection with the sale of real estate located in Arizona. Plaintiffs argued that the bank had waived the venue provision because (1) the real estate contract was negotiated in Arizona; (2) the bank had initiated forfeiture and receivership proceedings in Arizona; and (3) the bank had obtained judgment on plaintiff's promissory note in the Arizona state court. The Ninth Circuit refused to find a waiver:

> We simply cannot accept the proposition that the bank's limited use of the Arizona judicial process in the forfeiture and receivership proceedings evidence such an intent.... Neither can we believe that the negotiation in Arizona of an earnest money agreement for the sale of *Arizona* land, or the bank's suit to recover on Bechtel's *personal* note deprived the bank of its congressionally conferred right to be sued only in its home county. (emphasis in original)

*Id.* at 1339.

In the present case it should be noted that the New Jersey Bank had no choice but to foreclose on its security in the New York courts because all the security was located here. This cannot be a waiver. "A contrary conclusion would be tantamount to imposing upon the Bank an unwarranted penalty for the exercise of its contractual rights and would create an unforeseen and unwarranted jurisdictional trap inconsistent with both letter and spirit of [section 94]." *Atlantic Quality Construction Corp. v. First Pennsylvania Bank*, 440 F.Supp. at 216.

For all these reasons, the Bank's motion to transfer is granted and the action is

hereby ordered transferred to the United States District Court for the District of New Jersey.[4]

SO ORDERED.

---

4. I note that counsel for the Government has no objection to the transfer. Since all the defendants are located and reside in New Jersey, I find that it is in the interest of justice to transfer this action to the District Court of New Jersey. 28 U.S.C. § 1404.