**In re Wilburn and Doris WEST, Debtors.**

**Wilburn and Doris WEST, Plaintiffs,**

v.

**The FIRST NATIONAL BANK OF STEVENSON, ALABAMA and Bunn W. Lovelady, Defendants.**

Bankruptcy No. 82–0511R.

Adv. No. 82–0405R.

United States Bankruptcy Court, N.D. Georgia, Rome Division.

Nov. 16, 1982.

Paul T. Carroll, III, Rome, Ga., for debtor/plaintiff.

**522**

Roger R. Auman, Jr., Auman & Meaney, Trenton, Ga., for defendant.

HUGH ROBINSON, Bankruptcy Judge.

### ORDER

This matter came before the court upon defendants' Motion to Dismiss or Alternatively Transfer Action to Correct Venue and Jurisdiction filed on September 10, 1982. In their brief, defendants move the court to either dismiss the action or to transfer it to the Northern District of Alabama, Northeastern Division. Defendants contend that pursuant to 12 U.S.C. Section 94, which governs venue of actions against national banks, venue is improper in the Northern District of Georgia. Section 94 provides that:

> Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases. 12 U.S.C.A. § 94 (West 1945).

Defendants argue that since the First National Bank of Stevenson, Alabama is not located in this district nor does the individual defendant, Bunn W. Lovelady, reside in this district, venue is improper.

We agree with defendants' statement in their brief that the Supreme Court has held that section 94 is mandatory and not merely permissive. *National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc.*, 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1975).

■ Venue in the bankruptcy courts is governed by 28 U.S.C. Section 1473(a). The pertinent part of that subsection provides that "a proceeding arising in or related to a case under Title 11 may be commenced in the bankruptcy court in which the case is pending." 28 U.S.C. § 1473(a). Thus, the permissive language of the bankruptcy statute is to be contrasted with the mandatory provision governing venue of suits against national banks. Therefore, pursuant to section 94 venue is improper in this case since the First National Bank of Stevenson, Alabama, is neither established in this district nor is this court in the county or city where the bank is located. *See: In re: Artic Enterprises, Inc.*, 10 B.R. 746, 749 (Bkrtcy. D.Minn.1981).

■ However, a finding that venue is improper in an action against a bank does not compel the court to dismiss the action. *In re: James Paul Neese,* 12 B.R. 968, 971 (Bkrtcy.W.D.Va.1981). When a statute takes precedence over section 1473 then the court must determine under section 1477(a) whether it should "in the interest of justice and for the convenience of the parties, retain such case or proceeding, or ... transfer, under section 1475 ... to any other district or division." 28 U.S.C. § 1477(a). The determination of whether a transfer is "in the interest of justice" necessitates a factual inquiry in which the court must examine

(1) the probability of economical and efficient administration of the debtor's estate.

(2) the proximity of witnesses, business books and records;

(3) the proximity of most creditors, in both number and amount; and

(4) the location of the debtor and the debtor's tangible and intangible assets.

Determining the "convenience of the parties" includes a consideration of:

(1) the availability and cost of obtaining witnesses and other sources of proof, and the availability of compulsory process for witnesses;

(2) the enforceability of a judgment by the court rendering the judgment;

(3) whether the action is one that should be tried in a local forum;

(4) the probability of a fair trial in a local forum; and

(5) the forum whose law will govern the action. *In re Neese,* 12 B.R. at 972.

The first consideration is the economical and efficient administration of the debtors' estate. Since the movant is before this court by virtue of the related bankruptcy case and the court is familiar with the facts we find that the debtors' estate will be more efficiently and economically administered by retaining the case. Moreover, the debtors who are the plaintiffs herein chose to institute the present action in this court. We have held that such a choice is entitled to great weight since this is the district in which the bankruptcy case is pending and the district in which the debtor resides. *Campbell v. Connie Ogg/Insight,* Adversary Proceeding No. 81–0703A filed on September 8, 1981, (Bankr.N.D.Ga.). The dispute centers on a security deed given by the debtors to the defendant bank on a tract of land located in Dade County, Georgia. Therefore, the records regarding that land are located in Dade County and not in Stevenson, Alabama, where the bank is located. The only other creditor in this case, Goldkist, Inc., is located in Lafayette, Georgia. To recapitulate, the debtors reside in Georgia, the disputed security deed involves land which is located in Georgia, the only other creditor in the case is located in Georgia and the related bankruptcy case was filed in this court.

On the other hand, upon considering "the convenience of the parties", the court recognizes that the defendants will be somewhat inconvenienced by defending in this district since the bank's records as well as the individual co-defendant are located in Alabama. On balance, however, the court holds that "the interest of justice and the convenience of the parties" will be better served by retaining jurisdiction.

For these reasons, the defendants' Motion to Dismiss or Transfer the Action is hereby DENIED.