**350**

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

HIRES IDEAL BOTTLING COMPANY, a partnership, Cup Drink Servicing Company, a partnership, Max C. Platt, David C. Platt, Peter Greenberg, Ida S. Greenberg, William E. Kaiman, Esther Kaiman, Defendants.

Civ. No. 010.

United States District Court
D. Nebraska.

July 23, 1956.

Stuart Rothman, Washington, D. C., Harper Barnes and William C. Cull, Kansas City, Mo., for plaintiff.

Fred S. White, Ray R. Simon, White, Lipp & Simon, Omaha, Neb., for defendants.

DELEHANT, Chief Judge.

█ Action is brought by plaintiff under the jurisdictional grant of Section 17 of Fair Labor Standards Act of 1938, as amended, for injunctive relief against the violation of sections 11(c) and 12(a) and (c) and 15(a) (4) and (5) of that Act, 29 U.S.C.A. §§ 211(c), 212(a, c), 215(a) (4, 5), 217. The defendants are a) two distinct partnerships which, the complaint alleges, are owned by the same six persons and have a single and common place of business in Omaha, Nebraska, and b) those six persons who are alleged to be the owners of the two several partnerships. In passing, it is noted that in argument upon the pending motions, counsel for defendants advance a position which seriously questions the truth of plaintiff's averment concerning the identity of the persons who own the two businesses. This challenge goes not only to the shares they own in the respective operations but even to the identity of the owners. For the present purpose of the court the position of the complaint, interpreted most favorably to plaintiff, must be accepted. But the suggestion may be advanced that if the facts prove to be as the defendants contend, plaintiff may find himself to have won a battle but lost the war.

Fairly understood, the complaint avers, and plaintiff's argument supporting it emphasizes and amplifies the charge, that the individual defendants owned and operated the two partnerships, engaged in different but somewhat related businesses, at a single location, and in doing so, were guilty of the asserted violations in the operation of both and each of the businesses. The complaint is susceptible of the interpretation that it charges that the employees affected were the employees of both partnerships. This, it seems, defendants will deny. Or the complaint may possibly be understood to charge that the records of the defendant inadequately identify the employer or employers of the affected employees, or some of them.

Defendants tender two separate motions against the complaint. They should be, and are, considered and ruled on separately.

### Motion to Sever for Misjoinder of Claims

This motion, made by all defendants, rests upon their assertion that "the issues do not have a common question of law and fact and do not arise out of the same transaction, or series of transactions, and can not conveniently be tried together". Putting aside the matter of the convenience of trial together, the rest of the quoted ground is taken from the test of Federal Rules of Civil Procedure, Rule 20, 28 U.S.C.A. for the right to join several persons in one action.

█ Ordinarily, separate partnerships engaged in distinct businesses ought not to be joined in an action of this character and a motion to sever or separate the claims against them, even to require the institution of distinct actions, should be granted. But here the plaintiff has asserted that its right to relief against all of the defendants does arise out of and is in respect of the "same transaction, occurrence, or series of transactions or occurrences", and that "questions of law or fact common to all of them will arise". Whether he has seized too eagerly on the community of business location, and the supposed identity of the ownership and management of the two concerns, as the basis of his contention will have to await the trial for answer.

For the present, taking the case as it must at this point to be what the plaintiff's complaint alleges it to be, the motion must be and is being denied and overruled. If the complaint's averments be untrue answer may be made accordingly and the issue appropriately tried.

On the score of the asserted inconvenience of trial together of a claim or claims against the two partnerships and their alleged owners, the court is unable at this time to perceive any such incon-

venience either as a certainty or as a probability.

### Motion for More Definite Statement

 Among the defendants' first filings was a very searching motion for this relief aimed at the complaint as originally filed. Some time thereafter, and evidently before the submission of the motion, plaintiff served and filed what it entitled, "Plaintiff's response to motion for more definite statement", wherein, while denying his obligation to do so, he nevertheless made several clarifying statements in an evident effort to resolve much, or some, of the doubt underlying defendants' motion. Defendants, thereupon, tendered a new "Motion for more definite statement" which was aimed, first, at plaintiff's "response" last mentioned, and, so far as the response failed, in the appraisal of defendants' counsel, to comply with their earlier motion, to the original complaint. Accordingly, the court treats the original motion as either complied with or withdrawn, except to the extent that it is preserved in the newer motion, and now overrules it, and proceeds to the determination of the issues presented by the new motion.

This court has rarely sustained a motion for more definite statement. That was true before there was any change in the language of Rule 12(e); and has naturally been even more true in the application of the rule as amended. Mitchell v. Brown, D.C.Neb., 2 F.R.D. 325; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510; Sinkbeil v. Handler, D.C.Neb., 7 F.R.D. 92; Creedon v. Hempel, D.C.Neb., 7 F.R.D. 601; Tobin v. Chambers Construction Co., D.C.Neb., 15 F.R.D. 47.

It happens too frequently that what is sought in the motion is information that is in no wise necessary to the moving party's preparation of a responsive pleading, which is now expressly and plainly made the only reason for the allowance of a motion for more definite statement. It is generally evidentiary in character, and, if obtainable at all, must be gotten in the course of preparation for trial through one or more of the discovery procedures erected by the rules. That is true in the instant case. No purpose would be served by the quotation, or restatement of the motion. It is sufficient to say that it asks entirely, not for a further statement or particularization of plaintiff's claim or claims, but rather for the disclosure of the evidence by which he proposes to prove it or them. After answering (in which they are allowed much flexibility and liberality under Rules 8(b) and (e) (2)) and in advance of trial the defendants may by discovery seek, and perhaps obtain, all, or most, of what they now mistakenly demand by their motion during the "pleading stage" of the litigation.

The new motion for more definite statement (filing 11) is, therefore, also being denied and overruled.

A single order reflects the rulings now announced.