TAFCO, INC., Plaintiff,

v.

NATIONAL BANK OF COMMERCE OF DALLAS, TEXAS, Defendant.

Civ. A. No. 79–1807.

United States District Court,
W. D. Pennsylvania.

April 10, 1980.

Bart J. Tyson, Pittsburgh, Pa., for plaintiff.

Norman J. Cowie, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant.

## OPINION

SNYDER, District Judge.

In this action for an alleged wrongful dishonor of a letter of credit, Defendant National Bank of Commerce of Dallas, Texas (Bank) has moved to dismiss or transfer for improper venue. The Motion to transfer will be granted.

Garland Restaurant Corporation (Garland), a Texas corporation with its principal place of business in Texas, was awarded a contract by the United States Government for kitchen remodeling at the Fort Campbell Air Force Base in Kentucky. Garland invited Tafco, Inc., a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania, to submit a bid on nine walk-in coolers, and in September, 1978, Tafco entered into a contract with Garland to manufacture and deliver the coolers to Garland at a cost of $57,425.00. All negotiations for the contract were conducted in Texas between Garland's representative and David Ettinger, whom Tafco describes as "an independent contractor who earns a commission for sales he initiates between prospective customers and Tafco."

After execution of the contract, Tafco became concerned with Garland's precarious financial condition and, by letter mailed to Garland, demanded some guaranty of payment. Garland contacted the Bank and applied for a letter of credit in Dallas. There were some telephone calls and written correspondence between the Bank and Tafco. Following the usual internal processing, Letter of Credit # 3323 was issued in Dallas, Texas on January 22, 1979 and mailed from Dallas to Tafco in Pittsburgh. (Exhibit A hereto.)

In August, 1979, Garland notified Tafco that it would not accept delivery on any of the units. Tafco treated the notice as final and presented a sight draft to the Bank for $11,485, the damages alleged incurred by Garland's breach. The Bank refused to honor the draft and Tafco brought suit.[1]

## I.

The Bank is a national bank organized under the laws of the United States, with its principal place of business in Dallas, Dallas County, Texas, which is in the Northern District of Texas, Dallas Division. The Bank does not have a branch office or any other office or place of business located in the Western District of Pennsylvania.

The Bank moved to dismiss or transfer Tafco's action for improper venue[2] under 12 U.S.C. § 94 which provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The National Bank Venue Statute, 12 U.S.C. § 94, limits the availability of courts for suits against national banks to federal courts sitting in counties in which the national banks are "established" (and to state courts sitting in the county or counties in which the bank is located). While the language of the statute suggests that its application might be permissive, it is well settled that its provisions are mandatory. *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963).

A national bank is "established" for purposes of federal court venue only " 'in the place where its principal office and place of business is as specified in its organization certificate.' . . . Even establishment of a branch office in another district will not suffice to [establish] the bank there for venue purposes. . . . In essence the statute confers on national banks immunity from suit outside the district, territory, county, and city where it is located." *Northside Iron & Metal Company v. Dobson & Johnson, Inc.*, 480 F.2d 798, 799–800 (5th Cir. 1973). (The Supreme Court held in *Citizens & Southern National Bank v. Bougas*, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977), that, for purposes of state court venue, a bank is located in charter county and county in which it conducts business at an authorized branch.)

However, the venue provision of 12 U.S.C. § 94 has been held on many occasions to be a privilege personal to the national bank, which the national bank can waive. *Helco, Inc. v. First National City Bank*, 470 F.2d 883 (3rd Cir. 1972); *Buffum v. Chase National Bank of City of New York*, 192 F.2d 58 (7th Cir. 1951). A national bank may waive the privilege in one of three ways: by express declaration, by failure to

---

1. Suit was originally filed against Garland and the Bank. Garland moved to dismiss and, pursuant to agreement of all counsel, the motion was granted.

2. At oral argument, counsel for the Bank agreed that even if venue were improper, the case was more properly one for transfer. This

is consistent with our reading of the law that, absent an indication that suit was commenced in an improper venue for purposes of harassment, transfer of the case is preferable to dismissal. *See De La Fuente v. ICC*, 451 F.Supp. 867 (N.D.Ill.1978).

assert the privilege, or, by actions which are inconsistent with the assertion of the privilege. *Northside Iron & Metal Co. v. Dobson & Johnson, Inc., supra; Stutsman v. Patterson,* 457 F.Supp. 189 (C.D.Cal.1978).

■ The thrust of Plaintiff's argument is that the Bank waived its venue privilege by delivering (via U.S. Mails) a letter of credit to Tafco in Pittsburgh, payable upon a shipment of goods to Kentucky.

The case law is contrary to Plaintiff's position. *See Stutsman v. Patterson, supra; D. Nelsen & Sons, Inc. v. FDIC,* 440 F.Supp. 1000 (N.D.Ill.1977); *Anthony v. Drovers National Bank of Chicago,* 405 F.Supp. 626 (D.S.C.1975); *Tanglewood Mall, Inc. v. Chase Manhattan Bank,* 371 F.Supp. 722 (W.D.Va.), *aff'd* 508 F.2d 838 (4th Cir. 1974). For example, in *D. Nelsen & Sons,*

*Inc. v. FDIC, supra,* the court held that issuance of a letter of credit into another state did not waive the venue privilege, since doing business in a state does not in itself manifest a bank's intent to waive its venue privilege, citing *Northside Iron & Metal Co. v. Dobson & Johnson, Inc., supra.*

We note, as did the court in *Anthony v. Drovers National Bank of Chicago, supra* at 628, that to hold that a bank waives its venue privilege by sending a letter of credit outside its "location" would " 'bend the law too far from the obvious intent of the legislature and render altogether meaningless the Congressional enactment favoring local suits of national banks.' "

An appropriate order will be entered granting the Bank's Motion to Transfer to the Northern District of Texas, Dallas Division.

# EXHIBIT A

Bank of Commerce of Dallas

ELM STREET DALLAS, TEXAS 75201 (214) 744 2711 TELEX NUMBER 73 2331

PLACE AND DATE OF ISSUE DALLAS, TEXAS January 22, 197

| DOCUMENTARY CREDIT—IRREVOCABLE | CREDIT NO OF ISSUING BANK 3 3 2 3 | CREDIT NO OF ADVISING BANK ----- |
|---|---|---|

ADVISING BANK

-----------

APPLICANT

Garland Restaurant Equipment Corp.
7047 Greenville Avenue
Dallas, Texas 75231

BENEFICIARY

TAFCO, Inc.
1909 New Texas Road
Pittsburgh, Pennsylvania 15239
ATTN: Mr. Ray Bluestone, Credit Manager

AMOUNT

$57,425.00 (FIFTY SEVEN THOUSAND FOUR HUNDRED TWENTY FIVE AND NO/100 DOLLARS)

DATE November 30, 1979 EXPIRY

IN our offices in Dallas, Texas FOR NEGOTIATION

DEAR SIR(S):

WE HEREBY ISSUE IN YOUR FAVOR THIS DOCUMENTARY CREDIT
WHICH IS AVAILABLE BY NEGOTIATION OF YOUR DRAFT AT Sight as stipulated below
DRAWN ON National Bank of Commerce of Dallas, Dallas, Texas
BEARING THE CLAUSE: "DRAWN UNDER DOCUMENTARY CREDIT NO. 3323
OF NATIONAL BANK OF COMMERCE OF DALLAS" ACCOMPANIED BY THE FOLLOWING DOCUMENTS:

As of Oct. 1, 1975 this Letter of Credit requires subject to the Uniform Cus and Practice for Documentary Credits (1974 International Chamber of Commerce, Publication No 29)

Partial drawings are only permitted as follows:

(1) Sight draft for $28,712.50 (TWENTY EIGHT THOUSAND SEVEN HUNDRED TWELVE AND 50/100 DOLLARS) accompanied by:
   a. Original motor freight bill of lading consigned to Garland Restaurant Equipment Corp., c/o U.S. Army Hospital, Ft. Campbell, Kentucky, showing freight prepaid.
   b. Signed commercial invoice in duplicate.

(2) Sight draft dated and presented 30 days or more after date of motor freight bill of lading for $28,712.50 (TWENTY EIGHT THOUSAND SEVEN HUNDRED TWELVE AND 50/100 DOLLARS) accompanied by:
   a. Copy of motor freight bill of lading.
   b. Copy of commercial invoice.

COVERING Nine (9) walk-in coolers F.O.B. Ft. Campbell, Kentucky. Invoice must bear your signed certification that merchandise and invoice are in accordance with P.O. B-6449 dated September 25, 1978.

DISPATCH/SHIPMENT FROM Pittsburgh, Pennsylvania
TO Ft. Campbell, Kentucky

PARTIAL SHIPMENTS prohibited

TRANSHIPMENTS -----

SPECIAL CONDITIONS

(1) Negotiating bank charges if any are for beneficiary's account.

WE HEREBY ENGAGE WITH DRAWERS AND OR BONA FIDE HOLDERS THAT DRAFTS DRAWN AND NEGOTIATED IN CONFORMITY WITH THE TERMS OF THIS CREDIT WILL BE DULY HONORED ON PRESENTATION AND THAT DRAFTS ACCEPTED WITHIN THE TERMS OF THIS CREDIT WILL BE DULY HONORED AT MATURITY THE AMOUNT OF EACH DRAFT MUST BE ENDORSED ON THE REVERSE OF THIS CREDIT BY THE NEGOTIATING BANK

ADVISING BANK'S NOTIFICATION