Louis FRISCHLING, on behalf of himself and all others similarly situated, Plaintiff,

v.

PRIEST OIL AND GAS CORPORATION, Priest Explorations, Inc., Kenneth W. Priest, Virginia Priest, Thomas A. Pfaff, Joel Murray, Moffatt, Shreffler and Co., Inc., Richard M. Glascow, Jerry K. Ridley, and First National Bank of Birmingham, Defendants.

No. 80 C 4337.

United States District Court, N. D. Illinois, E. D.

Oct. 21, 1981.

Alan C. Levy, Mineola, N. Y., Thomas R. Meites, Sargent L. Aborn, Meites & Frackman, Chicago, Ill., for plaintiff.

Ronald Marmer, Chicago, Ill., Abraham Wax P. C., D'Amato & Lynch, New York City, Irving Levinson, Julian C. Campbell, Thomas J. Weithers, Kenneth Olsen, Robert J. Feldhake, Douglas Crone, Willis R. Tribler, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before this court on defendant First National Bank of Birmingham's (hereinafter FNB) motion to dismiss for improper venue. This decision that defendant, FNB, must be dismissed for lack of venue in this district makes it unnecessary to consider FNB's motion for a protective order.

■ The venue provisions of the National Banking Act, 12 U.S.C. § 94, provide that a National Bank may only be sued in the district in which it is established. It is unanimously recognized that a bank is "established" only in the federal district that encompasses the place specified in the bank's charter. *Citizens & Southern National Bank v. Bougas*, 434 U.S. 34, 39, 98 S.Ct. 88, 91, 54 L.Ed.2d 218 (1977) and cases cited therein. FNB is established, as evidenced by its corporate charter, in Alabama.

Both plaintiff and defendant recognize that the venue provisions of § 94 are mandatory and exclusive. The Supreme Court in *Radzanower v. Touche, Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976) expressly held that the § 94 venue provisions control over the more liberal venue provisions of the Securities Exchange Act, which are relied upon by plaintiff in the instant case.

Plaintiff contends that FNB has waived its venue privilege. Plaintiff has raised no issue of express waiver or failure to interpose a timely objection to venue. Plaintiff, therefore, must necessarily be relying on the concept of implied waiver.

■ It is well recognized that the § 94 venue privilege may be waived. *Radzanower; National Bank of America v. Associates of Obstetrics & Female Surgery, Inc.*, 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976). However, facts which will constitute an implied waiver are rarely found. This case is no exception. Plaintiff lengthily expounds upon FNB's conduct in the sale of certain oil well shares, which took place, in part, in Illinois. Plaintiff also makes much of FNB's alleged assistance to defendant Joel Murray in two other securities actions filed in an Illinois district court involving this same sale.[1] Plaintiff contends that this sale of shares and "participation" in the lawsuits constitutes a waiver by defendant FNB by its § 94 venue privilege. Case law does not support plaintiff's contention.

The standard for waiver of the § 94 venue provisions was set forth in *Buffum v. Chase National Bank of City of New York*, 192 F.2d 58 (7th Cir. 1951).

> Waiver is a voluntary and intentional relinquishment or abandonment of a known existing right or privilege . . . . [I]t may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. . . . [The party's] act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of [its] conduct is possible.

192 F.2d at 61–62.

Defendant has cited numerous cases which failed to find waiver of the § 94 venue privilege, many on facts more conducive to a finding of waiver than those alleged by plaintiff. It has been held that maintaining a branch bank in another district does not constitute a waiver. *Helco, Inc. v. First National City Bank*, 470 F.2d 883 (3d Cir. 1972); *United States National Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970); *Tafco, Inc. v. National Bank of Commerce of Dallas, Texas*, 490 F.Supp. 132 (W.D.Pa. 1980). Additionally, *Buffum* held that no waiver could be found where a foreign corporation had registered and appointed an agent for service of process in limited situations. Commission of fraud in another district is not a waiver. *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973). Instituting foreclosure proceedings in another district is not a waiver. *Bechtel v. Liberty National Bank*, 534 F.2d 1335 (9th Cir. 1976). *Radzanower* failed to find that violation of the Securities Exchange Act in another district would constitute a waiver.

Plaintiff prayed for denial of defendant's motion to dismiss and motion for a protective order and to be allowed limited discovery for the purpose of ascertaining facts that would constitute a waiver. However, none of the facts plaintiff claims he might

---

1. Those cases are *Belluci, et al. v. Priest Explorations, Inc.*, 79 C 3346 (Hoffman, J.) and *McEneny, et al. v. Priest Explorations, Inc., et al.*, 79 C 4387 (Grady, J.).

**1110**

elicit through this discovery could support a finding of waiver by FNB of its venue privilege.

The only case that has been cited by plaintiff where the court did in fact find a waiver was *Stinnett v. 3rd National Bank of Hampden City*, 443 F.Supp. 1014 (D.Minn.1978). In *Stinnett*, plaintiff sued defendant bank for defamation; the publication allegedly having been part of a complaint filed by defendant bank against the plaintiff in a previous action. The court held that since the action concerned arose from a previous action voluntarily filed by the bank, there was a waiver of § 94 venue for the purpose of the present action.

■ Plaintiff in the instant case relies heavily on FNB's alleged involvement in previous actions in this district. However, plaintiff has not alleged, nor could he, that FNB was a party to those actions, made an appearance in those actions or in any way put itself before the courts of this district. Thus, even if plaintiff could show that FNB was informally involved in those other causes, that would not constitute a voluntary waiver as required by *Buffum*. FNB, not being a party, was not in a position to move for a change of venue.

Therefore, since plaintiff has alleged no facts which, if proved, would constitute a waiver by FNB of its § 94 venue privilege, this court is bound by Supreme Court precedent to dismiss FNB for lack of venue in this district.

### ORDER

This cause comes before the court on defendant Shreffler's motion to dismiss plaintiff's complaint as against it. Plaintiff has charged Shreffler and others with violations of sections 17(a) of the Securities Act of 1933 (Count I) and section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder (Count II). Plaintiff has also asserted a pendent claim against Shreffler based on common law fraud. Defendant's motion to dismiss is apparently based on its assertions that this court lacks subject matter jurisdiction over plaintiff's claim, that plaintiff has failed to state a claim on which relief may be granted under the federal securities laws, Fed.R. Civ.P. 12(b)(6), and that plaintiff has failed to plead both the alleged securities violations and the common law fraud count with sufficient particularity. Fed.R.Civ.P. 9(b).

The court finds defendant's claim that this court lacks subject matter jurisdiction over plaintiff's cause of action to be without merit. *McGrath v. Zenith Radio*, 651 F.2d 458, CCH Fed.Sec.L.Rep. ¶ 97,841 at 90,209 (7th Cir. 1981). Rather, the substance of defendant's argument should in fact be characterized as a standard motion to dismiss for failure to state a claim on which relief may be granted. Fed.R.Civ.P. 12(b)(6). It is the court's conclusion, however, that plaintiff's claim, if properly pleaded, would withstand a Rule 12(b)(6) motion. Nevertheless, because plaintiff has failed to comply with the dictates of Fed.R. Civ.P. 9(b), the complaint must be dismissed as to defendant Schreffler. Plaintiff is granted leave to amend its complaint within 30 days in order to comply with the requirements of that rule.

The reasons for the court's holdings are detailed below.

### The Section 17(a) Claim

■ Defendant, in its reply memorandum in support of its motion to dismiss, baldly asserts that "[t]his District does not recognize a private right of action under [Section 17(a)] of the 1933 Act." (Reply Memorandum at 2). Defendant's assertion is simply untrue. The Seventh Circuit does recognize such a right of action and has done so for over four years. *Daniel v. International Brotherhood of Teamsters*, 561 F.2d 1223, 1244–1246 (7th Cir. 1977), *rev'd on other grounds* 439 U.S. 551, 99 S.Ct. 790, 58 L.Ed.2d 808 (1979); *Lincoln National Bank v. Herber*, 604 F.2d 1038, 1040 n.2 (7th Cir. 1979).

■ Defendant next claims that, even if plaintiff has a right of action under § 17(a), this court is prohibited from sustaining plaintiff's § 17(a) count because of the restrictive language of the section which requires that claims brought under it must be

based on alleged frauds committed *"in the offer or sale* of any securities." (emphasis added). It is defendant's assertion that, since, by plaintiff's implied admission, defendant did not actually sell any securities, *see* Complaint ¶ 29 at 9, the language of the section prevents this court from considering plaintiff's claim for relief. The court disagrees. It is beyond dispute that with regard to section 17(a)'s sister provisions, section 10(b) of the 1934 Act and Rule 10b–5 promulgated thereunder, allegations of omissions or misstatements of material fact in a selling document would supply a basis for a claim brought under those provisions. It is true that, as plaintiff states, the language of section 10(b) of the 1934 Act and Rule 10b–5 promulgated thereunder is somewhat broader than that of § 17(a) of the 1933 Act, (the former covers omissions or misrepresentations made "in connection with" the purchase and sale of any security), however, it is this court's belief that the slight difference in language does not compel different analysis. This conclusion is supported by the Supreme Court's recent holding advocating a broad interpretation of section 17(a)'s coverage, *see United States v. Naftalin,* 441 U.S. 768, 773, 99 S.Ct. 2077, 2081, 60 L.Ed.2d 624 (1979) ("The statutory terms which Congress expressly intended to define broadly [citations omitted] are expansive enough to encompass the entire selling process . . .") and by Seventh Circuit cases advocating a parallel interpretation of the requirements of these provisions of the 1933 and 1934 Acts. *See Lincoln National Bank v. Herber,* 604 F.2d at 1040 n.2; *Daniel v. International Brotherhood of Teamsters,* 561 F.2d at 1244–1246; *Sennett v. Oppenheimer,* 502 F.Supp. 939, 942 (N.D.Ill.1980). As a result of this conclusion, inquiry turns to whether or not plaintiff has adequately alleged the existence of a misstatement or omission in connection with the purchase or sale of the securities which are the subject of this lawsuit so as to make out a claim under section 10(b) and Rule 10b–5. The court believes that plaintiff has not done so.

*Fed.R.Civ.P. 9(b)*

■ The substance of plaintiff's allegation against Shreffler appears to be that the defendant participated in the preparation of a selling document which allegedly contained certain misstatements and omissions of material fact. Plaintiff has sufficiently alleged the existence of such omissions and misstatements. *See* Amended Complaint, ¶ 27 at 8. However, plaintiff has failed to adequately plead its claim that defendant Shreffler participated in the preparation of this document. At present, all plaintiff has pleaded is its conclusory allegation. In light of the serious nature of plaintiff's claim, such vague and unsupported charges cannot be allowed to stand. *Segal v. Gordon,* 467 F.2d 602 (2d Cir. 1971); *Denny v. Barber,* 576 F.2d 465 (2d Cir. 1978); *Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F.Supp. 518, 522 (S.D.N.Y.1973); *Rich v. Touche-Ross & Co.,* 68 F.R.D. 243, 245 (S.D.N.Y.1973). Defendant Shreffler is charged with aiding and abetting the allegedly wrongful activities referred to in the complaint. Liability for such conduct would require allegations of the "aider's substantial assistance of the primary fraud [citations omitted]." *Morgan v. Prudential Group, Inc.,* 81 F.R.D. 418, 424 (S.D.N.Y. 1978). The court is in agreement with the opinion of Judge Lasker of the Southern District of New York in which it is stated,

> "An unadorned allegation that a defendant 'participated' in the preparation of false and misleading selling documents is at most a conclusory allegation that it 'substantially assisted' or 'furthered' the fraud. Such conclusions do not satisfy the strictures of Rule 9(b)."

Plaintiff's failure to plead with particularity is fatal to both its securities act counts and its common law fraud counts. Therefore, the motion to dismiss as to defendant Shreffler is granted. Plaintiff is given leave to amend its complaint within 30 days.

It is to be noted that plaintiff's complaint against defendant Shreffler must stand or fall on its ability to adequately plead Shreffler's participation in the preparation of the

selling document. Allegations related *solely* to managerial and administrative activities occurring long after the purchase and sale of oil interests cannot form the basis for this federal lawsuit. Plaintiffs are reminded that among the operative phrases of section 10(b) of the 1934 Act are the words "in connection with the purchase or sale of any security." Although subsequent activities may be relevant to proof of fraud in a selling document, such activities, in and of themselves, will not make out a claim under the federal securities laws. If plaintiff fails to properly allege defendant's involvement in the initial production of the selling document, it will be relegated to various state law claims for corporate mismanagement.

The court also feels compelled to note that plaintiff has already filed one amended complaint in this action. Should another complaint be filed that fails to comport with the requirements of Rule 9(b), the court questions in advance the appropriateness of its granting further leave to amend at that time. *Denny v. Barber*, 576 F.2d 465 (2d Cir. 1978).