**Joseph F. ARROYO, James P. Mastelotto and Thomas E. Nevis, Plaintiffs,**

v.

**Robert D. WHEAT, Lois LaVonne Wheat, Terrence E. Dreiling, Paul H. Metzinger, William Holben Associates, Harry P. Holman, Ryder-Scott Company, Birr Wilson & Company, Inc. and Dominion Bank of Denver, Defendants.**

No. CV–R–83–181–ECR.

United States District Court,
D. Nevada.

May 22, 1984.

Walter A. Steele, Denver, Colo., for Terrence E. Dreiling.

James D. Hinga, Denver, Colo., for Robert D. Wheat and Lois LaVonne Wheat.

Daniel W. Pinkston and John D. Phillips, Jr., Denver, Colo., for William Holben Associates.

Porter & Clements by J. Eugene Clements, Houston, Tex. and Echeverria, Osborne & Jenkins, Reno, Nev., for Ryder-Scott Co.

Bruce T. Beesley, Reno, Nev., for Paul H. Metzinger.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendants Birr Wilson & Company, Inc., and Harry P. Holman have moved for an order dismissing the complaint on the ground that the pleading sounds in fraud but fails to allege the circumstances constituting fraud with the particularity required by Fed.R.Civ.P. 9(b). In the alternative, said defendants request an order requiring a more definite statement under Fed.R. Civ.P. 12(e) as to which alleged misrepresentations were made by each of them, who made the alleged misrepresentations on Birr Wilson's behalf, facts from which it can be inferred that the alleged misrepresentations were false at the time made, facts from which it can be inferred that the two movants conspired with the other defendants to defraud the plaintiffs, and which specific state statutes allegedly were violated.

The complaint contains seven claims for relief: (1) violation of section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) *et seq.*) and rules promulgated thereunder; (2) common law fraud; (3) negligent misrepresentation; (4) violation of the Colorado Security Act of 1981; (5) violation of the Nevada Securities Act; (6) conspiracy to defraud; and (7) recission of stock purchase agreement.

Richard O. Kwapil, Jr., Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for plaintiffs.

John H. Magee and Kenneth G. Hausman, San Francisco, Cal., for Birr Wilson & Co., Inc. and Harry P. Holman.

In the view of the moving defendants, the allegations of the complaint don't distinguish between the conduct of Holman and Birr Wilson, contain no facts that show their representations were untrue when made, contain no factual allegations to support the conspiracy claim and don't specify which statutory sections purportedly have been violated.

The plaintiffs respond by contending that they have complied with the weight of authority, which requires specification of the time, place and content of any alleged fraudulent misrepresentation, but not the circumstances or evidence from which fraudulent intent may be inferred. The plaintiffs note that answers prepared by them to interrogatories detail the time and place of such communication with defendant Holman, who was acting on behalf of defendant Birr Wilson. They also urge that a section 10(b) securities fraud case does not require that all the elements of common law fraud be alleged. Further, the plaintiffs point out where in the complaint can be found allegations of fact constituting reckless behavior by the moving defendants. Also, they claim that their pleading designates misrepresentations made by the defendants which amount to a conspiracy. Finally, it is argued that the factual allegations, together with the mention of the state statutes, give adequate notice from which the defendants could prepare an answer.

In reply, the moving defendants urge that Rule 9(b) requires that a pleading alleging fraud specify the following facts:

1) The time and circumstances of each alleged misrepresentation;

2) The identity of the individual or document which was the source of the misrepresentation;

3) The basis for holding liable each specific defendant;

4) The facts from which it can be inferred that each purported misrepresentation was false at the time it was made; and

5) What each defendant gained from the alleged fraud.

The defendants insist that the complaint itself must supply the essential information. It is, they say, the charging document; therefore answers to interrogatories will not serve as a legally sufficient substitute.

■ Fed.R.Civ.P. 9(b) declares that in a pleading, whenever fraud is averred, the circumstances constituting the fraud shall be stated with particularity. It applies to Rule 10(b) securities cases. *Gottreich v. San Francisco Inv. Co.*, 552 F.2d 866 (9th Cir.1977); *Serpa v. Jolly King Restaurants, Inc.*, 62 F.R.D. 626, 635 (S.D.Cal. 1974). Rule 9(b) also is applicable to the common law fraud claim for relief. *Frischling v. Priest Oil and Gas Corp.*, 524 F.Supp. 1107, 1111 (N.D.Ill.1981). The claim of conspiracy falls under the Rule. *In re Com. Oil/Tesoro Petroleum Corp. Sec. Lit.*, 467 F.Supp. 227, 254 (W.D.Tex. 1979). So do the state law claims. *Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 646 (C.D.Cal.1983). Since Rule 9(b) contains pleading requirements, it relates to procedure in federal courts and governs diversity actions. 5 Wright & Miller, Fed. Prac. & Proc. § 1297 (1948 supp.). Thus, all seven claims for relief herein are covered. Its requirements must be met in the complaint itself. *In re Equity Funding Corp. of Amer. Sec. Litigation*, 416 F.Supp. 161, n. 10 (C.D.Cal.1976); *Hokama v. E.F. Hutton & Co., Inc., supra* at 646. Accordingly, the plaintiff's answers to interrogatories may not take the place of the requisite particularity in the allegations of the complaint.

■ A leading Ninth Circuit case on the application of Rule 9(b) in a securities fraud case is *Walling v. Beverly Enterprises*, 476 F.2d 393 (9th Cir.1973). It notes that the Rule does not require the pleading of detailed evidentiary matter. *Id.* at 397. Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Ibid.*

The reason that averments of fraud receive special treatment in the rules of procedure is exemplified by the instant motion. Defendant Birr Wilson is a national securities brokerage firm and defendant Holman is its registered agent. Allegations of fraud raise questions of moral turpitude that can be particularly harmful to professionals whose success depends largely on the confidence of the public. Rule 9(b) is designed to thwart charges of fraud from arising out of contractual relations that merely don't work out as well as the parties had anticipated. The particularity with which the circumstances must be alleged in the complaint provides some assurance that the plaintiffs, and their counsel, have investigated the facts to such an extent that their claim of having been defrauded by the defendants is reasonable. *See duPont v. Wyly*, 61 F.R.D. 615, 631 (D.Del.1973).

■ Statements of the time, place and nature of the alleged fraudulent activities must be included in the complaint. *Walling v. Beverly Enterprises, supra* at 397; *Bosse v. Crowell Collier and Macmillan*, 565 F.2d 602, 611 (9th Cir.1977); *Zatkin v. Primuth*, 551 F.Supp. 39, 42 (S.D.Cal.1982). The nature of the individual case, in the end analysis, determines exactly how much additional specificity is appropriate. *See In re Com. Oil/Tesoro Petroleum Corp. Sec. Lit., supra* at 250. A nit-picking approach is frowned on in making such determination. *See Gottreich v. San Francisco Inv. Co.*, 552 F.2d 866, 867 (9th Cir.1977). It has been held that the plaintiffs should have to detail the misrepresentations of which they complain, explain in what way they were false, and designate the facts that support an inference of fraud by each defendant. *See McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639 (N.D.Cal.1980). The document or statement containing the allegedly fraudulent representation, it would seem, should be specifically identified. *Hokama v. E.F. Hutton & Co., Inc., supra* at 646. A mere allegation that a defendant's conduct was fraudulent will not suffice. *Walling v. Beverly Enterprises, supra* at 397.

■ The role of each defendant in the allegedly fraudulent activities should be specified. *Hokama, supra* at 645; *Anspach v. Bestline Products, Inc.*, 382 F.Supp. 1083, 1091 (N.D.Cal.1974); *cf. In re Equity Funding Corp. of Amer. Sec. Litigation*, 416 F.Supp. 161, 181 (C.D.Cal. 1976). So should the number of any state statute whose violation is alleged. *Wenzoski v. Citicorp*, 480 F.Supp. 1056, 1062 (N.D.Cal.1979).

■ Where the plaintiffs allege a conspiracy to defraud them, Rule 9(b) particularity is required. 5 Wright & Miller, Fed. Prac. & Proc. § 1233. The nature and purpose of the alleged conspiracy, its timing, and the injury resulting therefrom should be described. *Williams v. AMF, Inc.*, 512 F.Supp. 1048, 1059 (S.D.Ohio 1981). As important, the complaint ought to inform each defendant of what he did that constituted joining into the conspiracy. *In re Com. Oil/Tesoro Petroleum Corp. Sec. Lit.*, 467 F.Supp. 227, 252 (W.D.Tex.1979). Such conclusory allegations as "participation" and "substantial assistance" are insufficient. *Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 646 (C.D.Cal.1983); *Frischling v. Priest Oil and Gas Corp.*, 524 F.Supp. 1107, 1111 (N.D.Ill.1981).

■ The foregoing principles shall now be applied to the allegations against the moving defendants, as found in the complaint. Paragraph 15 declares that about July 30, 1981, defendants Birr Wilson and Holman represented to the plaintiffs as follows: That they were very familiar with all aspects of Oiltech, Inc., and its president, Robert Wheat; that both defendants had conducted a diligent independent investigation and evaluation of Oiltech; that based on their investigations, they analyzed Oiltech to be a sound company with considerable assets, whose business had been conducted in a proper manner; that Oiltech's profits, already large, were rapidly increasing, while its indebtedness was current and minimal; and that Oiltech's stock was selling over-the-counter for a price well below its true value and in excess of the price being offered the plaintiffs.

Paragraph 16 of the complaint contends that those representations were known to be false by defendants Birr Wilson and Holman, or were made with reckless disregard of the truth, because: Those defendants had failed to conduct an adequate or duly diligent investigation of the business affairs of Oiltech; that Oiltech was not a sound investment because of numerous improprieties perpetrated by its management; and that Oiltech's stock was not worth its then over-the-counter selling price.

In paragraph 17, the plaintiffs allege that the moving defendants' representations were made to induce reliance thereon by the plaintiffs, who did rely on them in purchasing 2,500,000 shares of Oiltech stock at a price of $1.00 per share.

Paragraph 18 reads, in its entirety: "At all times relevant herein defendants Birr and Holman acted in concert with the other defendants named herein for the purpose of inducing plaintiffs to purchase shares of stock in Oiltech."

The plaintiffs, in paragraph 19 contend that the "aforementioned acts and omissions constitute a scheme, artifice or conspiracy to defraud" within the intendment of section 10(b) of the Securities Exchange Act of 1934 and the rules promulgated thereunder.

The Second Claim for Relief, sounding in common law fraud, incorporates the above-described factual allegations, and adds allegations that the representations of all the defendants were made with the intent to defraud the plaintiffs and to induce them to buy the Oiltech stock.

The Third Claim for Relief incorporates all the foregoing, and alleges that the representations were made with reckless or negligent disregard of the truth. The Fourth Claim for Relief also incorporates all the preceding allegations and asserts that all the defendants breached "the Colorado Security Act of 1981, 11–51–101 *et seq.*, C.R.S.1973 (1981 Supp.)." The same factual allegations are incorporated into the Fifth Claim for Relief, which avers that all the defendants breached "the Nevada Securities Act, NRS 90 *et seq.* and NRS 90.200."

The plaintiffs incorporate, in the Sixth Claim for Relief, the same factual allegations. They contend that the conduct was pursuant to a conspiracy among all the defendants for the purpose of inducing the plaintiffs to purchase Oiltech stock.

The Seventh Claim for Relief is based on the same incorporated factual allegations, and declares that the plaintiffs have elected to rescind the agreement for the purchase of the stock.

The time of the alleged misrepresentations (July 30, 1981) and their contents is sufficiently alleged in the complaint. However, there is no indication of whether they were oral or written nor the place of making. Nor is it entirely clear that defendant Holman made all the misrepresentations. Although the pleading states that Holman was an agent of Birr Wilson acting within the course and scope of his employment, and that the latter defendant ratified his acts and conduct, the possibility that someone else also spoke and acted for Birr Wilson cannot be ruled out from the wording of the complaint.

The specific state statutes that the defendants purportedly have violated are not designated with particularity sufficient to satisfy the Federal Rules of Civil Procedure.

As to the conspiracy claim, there is adequate description of its purpose, timing and resulting damages. However, more specifics are needed as to the connection of each moving defendant to the alleged conspiracy.

IT IS, THEREFORE, HEREBY ORDERED that the motion of defendant Birr Wilson and Holman for a more definite statement, pursuant to Fed.R.Civ.P. 12(e), be granted.

IT IS FURTHER ORDERED that, within twenty (20) days of the date hereof, the plaintiffs shall amend their complaint as to Birr Wilson and Holman by stating with particularity the following:

1) How the alleged misrepresentations were made;

2) Where the misrepresentations were made;

3) Specifically who made each representation;

4) What Colorado state statute or statutes were breached by the defendants;

5) What Nevada state statute or statutes were breached by the defendants;

6) The circumstances or facts which show that defendant Birr Wilson joined and participated in the alleged conspiracy; and

7) The circumstances or facts which show that defendant Holman joined and participated in the alleged conspiracy.

IT IS FURTHER ORDERED that the motion of defendants Birr Wilson and Holman to dismiss the complaint be denied, but without prejudice to its renewal should the plaintiffs fail timely to amend their complaint in the manner ordered above.