Maria T. GRAZIOSE, et al., Plaintiffs,

v.

**AMERICAN HOME PRODUCTS CORPORATION, et al.,**
Defendants.

No. CV–S–01–0581–RLH (RJJ).

United States District Court,
D. Nevada.

Sept. 18, 2001.

---

Geoffrey White, White & Meany, Reno, NV, for Joseph Graziose, Maria T. Graziose, Ida Kime, Mike Kivatisky, Mildred Kivatisky, Charles Newman, Debra Newman, Margaret Robinson, Wayne Robinson, and Layne Yranian.

Thomas Beko, Erickson, Thorpe & Swainston, Ltd., Reno, NV, Janell Adams, Lewis & Roca, LLP, Phoenix, AZ, James Berchtold, Lewis & Roca, LLP, Amelia De Los Santos, Lewis & Roca, LLP, Von Heinz, Lewis & Roca, LLP, Las Vegas, NV, Craig W. Phillips, Lewis & Roca, Phoenix, AZ, for American Home Products Corporation.

Gary Goodheart, Jones Vargas, Las Vegas, NV, for Consumer Health Products Association.

Jonathan Owens, Sandra Smagac, Alverson, Taylor, Mortensen, Las Vegas, NV, for Novartis Consumer Health, Inc.

Douglas Cohen, Jones Vargas, Las Vegas, NV, for Perrigo Company, Inc.

Stephen Kent, Woodburn & Wedge, Reno, NV, for Wal–Mart Stores, Inc.

## ORDER

HUNT, District Judge.

(Motion to Sever and for More Definite Statement-# 26)

Before the Court is **Defendant Novartis Consumer Health, Inc.'s Motion to Sever and for a More Definite Statement** (# 26, filed June 11, 2001). There were **Joinders** (## 19, 27, 31, 35, 50, 53) filed by the other Defendants. Plaintiffs' Opposition (# 46) was filed July 10, 2001. The Reply (# 51) was filed August 10, 2001. Defendant Albertson's, Inc., also filed a Joinder (# 58) in the Reply on August 13, 2001.

The motion contains two issues: Should the Plaintiffs be severed from each other? And, should the complaints (or the causes of action based upon fraudulent claims) be dismissed, or, in the alternative, should the Plaintiffs be required to produce a more definite statement regarding the allegations of fraudulent activities in support of the various fraud related claims?

The Court finds that the Plaintiffs should be severed. It also finds that the allegations of fraudulently related activity are insufficient, but that the insufficiency can be cured by amendment.

### SEVERANCE

The Amended Complaint at issue joins the independent claims of ten plaintiffs against ten named and forty unnamed Doe Defendants. Plaintiffs include four couples and two single people. The claims arise out of the purchase/ingestion of various medicines that allegedly caused varied injuries and damages. The non ingesting spouses are making loss of consortium claims. Thus, while the Amended Complaint involves six households, the claims of each Plaintiff are different. The Defendants who are alleged to have been the source of each of these claims differ among the Plaintiffs, as does the type of medication. No two Plaintiff households are making their claims against the exact same set of manufacturing-retailing Defendants. Two involve the medicine Dexatrim, one involves Tavist–D, one Robitussin, one Good Sense Tussin, and one involves Dimetapp. Most of the adverse health claims assert the suffering of "a stroke and/or other health damages." One claims "ventricular tachycardia and/or other health damages." One incident occurred in June 2000, one in January 1998, one in May 1997, two in May 2000, and one in October 2000. The single thread attempting to tie these claims together is the alleged existence, in the various medicines, of a substance known as phenylpropanolamine ("PPA").

Defendants seek an order severing the Plaintiffs' claims and dismissing the First Amended Complaint with leave to re-file separately *nunc pro tunc.*

Rule 20(a), Fed.R.Civ.P., provides for the permissive joinder of plaintiffs, "if they assert any right of relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

In *Coughlin v. Rogers,* 130 F.3d 1348 (9th Cir.1997), the Ninth Circuit described the joinder requirements in a case involving 49 petitioners for a writ of mandamus compelling the Immigration & Naturalization Service (and its District Director) to provide relief from alleged delay in processing applications and petitions. In affirming the lower court's severance of the parties and their claims, the Ninth Circuit Court of Appeals stated as follows:

> To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action. Fed.R.Civ.P. 20(a); *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir.1977). If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance. *See* Fed.R.Civ.P. 21; *Sabolsky v. Budzanoski,* 457 F.2d 1245, 1249 (3d Cir.1972).

*Id.* at 1351. This statement of the law clearly requires that **both** requirements must be met. Plaintiffs fail to satisfy **either.**

■ The purchases/ingestions of the medications in question clearly did not arise out of the same transaction or a series of transactions. They occurred at different times. The medicines were different. The retailers were different. The manufacturers are different.

The questions of law and fact involved in each claim is also different. The damages involve different people with different sets of facts. The purchases, the use, the need, the motivation, the knowledge of the parties, the alleged reliance, apparently the exact nature of the injuries or damages, the potential for contributing factors, the relationships between spouses, are all questions peculiar to each claim. While there are the potentially common issues of whether PPA is present, and whether it had an effect on the person who took the medication, or was the cause of some adverse reaction, these are not sufficiently common to warrant joinder. There are distinct and varied individual health conditions and histories, as well as different medicines with distinct propensities, which may have contributed to the effects of the individual medicines on individual persons.

Common issues of law does not mean common issues of an area of the law. For example, while two or more persons could sue a common defendant for Title VII discrimination, based upon the same policies or conduct, all plaintiffs could not join together in one large lawsuit, to sue all defendants for Title VII discrimination, just because all their claims involve Title VII discrimination.

The only concrete similarity among the various Plaintiffs are that they (or their spouse) took a medicine containing PPA as an active ingredient, and they allegedly suffered an injury. This is insufficient to justify joinder of these Plaintiffs and their claims. *In re Repetitive Stress Injury Litig.,* 11 F.3d 368 (2d cir.1993), *on reh'g,* 35 F.3d 637 (2d Cir.1994), *reh'g denied.* (Consolidation of parties and claims improper and an abuse of discretion where claim for repetitive stress injuries involved plaintiffs employed at different work sites, in different occupations with different employers, and reported different injuries, even though all involved stress injuries from the use of various kinds of office equipment—keyboards, cash registers, stenographic machines, computer "mouse" devices, etc.) In concluding that severance was warranted, the Court held that "the burden is on the party seeking aggregation to show common issues of law or fact; the burden is not on the party opposing aggregation to show divergences." *Id.* at 374. It also observed that, "The allegations of the complaints afford no support to the district courts' conclusion that these cases are sufficiently related to warrant consolidation. Indeed, the district court substituted a discussion of so-called mass torts for precise findings as to what are the 'common question[s] of law or

fact' justifying consolidation ..." *Id.* at 373. The court then warned against the urge to join or consolidate litigation, reminding that we must remember our dedication to individual justice, to ensure that the individual plaintiff's and defendant's causes and rights are not lost in the "shadow of a towering mass litigation." *Id.·*

■ The foregoing concern is heightened in an area of scientific inquiry such as medicine, where the science is a developing one and scientific and legal controversies are impacted by many individualized circumstances and conditions. Furthermore, the Court is reminded that the test must include **both** common issues of fact or law, **and** arise out of the same transaction. *Weber v. Lockheed Martin Corp.*, 2001 WL 274518 (E.D.La.) (Finding that although plaintiffs share a common legal theory against one defendant, the absence of any common issue of act outweighs each plaintiff's reliance on a similar law); *Buie v. Experian Information Solutions, Inc.*, 1998 WL 729614 (N.D.Ill.) (a common question of law insufficient without a common transaction or occurrence).

There is another consideration, which is of significant concern to this Court. Permitting joinder in this case would permit the Plaintiffs to significantly increase the cost to Defendants by forcing them to participate in discovery or other proceedings that are irrelevant to the claims against each of them. This consideration was noted and warned against in *In re Repetitive Stress Injury Litig.*, (11 F.3d at 374). The Court finds it a very real danger here. While it may serve to reduce the costs of Plaintiffs' counsel and the Plaintiffs jointly, the economic prejudice to the Defendants outweighs any prospective benefit.

Furthermore, judicial economy demands that these claims be handled individually in a manageable manner, rather than in a combined lawsuit which would only require an unmanageable trial be conducted in such a way as to create confusion and chaos for the jury.

Plaintiffs' extensive efforts to distinguish the cases cited are unpersuasive. The cases cited by the Plaintiffs are inapposite. None of them deal with situations anywhere near similar to the one presented here. *See, e.g.,* *Mesa Computer Utilities v. Western Union Computer Utilities, Inc.*, 67 F.R.D. 634 (D.Del.1975) (several franchisees sued a single franchisor on fraud and conspiracy claims—court said insufficient facts to determine whether multiple or single conspiracy); *Mitchell v. Hires Ideal Bottling Co.*, 19 F.R.D. 350 (D.Neb.1956) (suit by Sec. Of Labor against two partnerships with the same partners, which involved the same transaction or series of transactions, with questions of fact and law common to everyone); *Guedry v. Marino*, 164 F.R.D. 181 (E.D.La.1995) (denial of deputies' commissions arose out of same actions of single defendant sheriff); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (a suit by one plaintiff against one defendant for two causes of action—boycott and interference with contract).

This case should be six separate cases. They will each involve separate discovery, separate claims, separate damages, separate defendants, separate medicine, separate physical conditions and history, and, except for the expert witness on the effects of PPA, separate witnesses. The Court will sever the claims, dismissing all but the first named Plaintiffs, Mr. and Mrs. Graziose (spouses may certainly bring their claims together), and permitting the remaining Plaintiffs to re-file their complaints *nunc pro tunc,* so they will relate back to the time of the filing of this original complaint to avoid the effect of this order resulting in violations of statutes of limitations. This will assure that no substantial right will be prejudiced by the severance. *Coughlin,* 130 F.3d at 1351; Fed. R.Civ.P. 21. There will of course be a time limitation for the filing of the new complaints.

The Court will also direct Plaintiffs Graziose to further amend this complaint to reflect the effects of this decision. In that amendment and the future filings of complaints *nunc pro tunc,* the Plaintiffs are instructed to file them in conformance with that portion of this decision which follows, regarding the adequacy of pleading fraudulent activities and the impropriety of the use of "Doe" parties.

## DISMISSAL OR MORE DEFINITE STATEMENT

■ Defendants complain that the allegations of the Complaint do not meet the requirements of Fed.R.Civ.P. 9(b), that allegations of fraudulent activity be plead with particularity. Plaintiffs, of course, claim that they do. It is the Court's opinion that they do not and, given the fact that each Plaintiff must either amend or re-file the Complaint, each will be ordered to assure that the new pleadings meet the required standard.

One of the most articulate and specific decisions in this District which addresses this issue was authored by the Honorable Edward C. Reed, in *Arroyo v. Wheat*, 591 F.Supp. 136 (D.Nev.1984). This Court quotes the pertinent parts at length, eliminating the citations and irrelevant parts of the decision:

Fed.R.Civ.P. 9(b) declares that in a pleading, whenever fraud is averred, the circumstances constituting the fraud shall be stated with particularity. * * * Rule 9(b) also is applicable to the common law fraud claim for relief. * * * The claim of conspiracy falls under the Rule. * * * So do the state law claims. * * * Since Rule 9(b) contains pleading requirements, it relates to procedure in federal courts and governs diversity actions. * * * Its requirements must be met in the complaint itself. * * * Accordingly, [discovery] may not take the place of the requisite particularity in the allegations of the complaint.

     *     *     *     *     *     *

Statements of the time, place and nature of the alleged fraudulent activities must be included in the complaint. * * * It has been held that the plaintiffs should have to detail the misrepresentations of which they complain, explain in what way they were false, and designate the facts that support an inference of fraud by each defendant. * * *

The role of each defendant in the allegedly fraudulent activities should be specified. * * *

Where the plaintiffs allege a conspiracy to defraud them, Rule 9(b) particularity is required. * * * As important, the complaint ought to inform each defendant of what he did that constituted joining into the conspiracy. * * * Such conclusory allegations as "participation" and "substantial assistance" are insufficient. * * *

*Id.* at 138–139. The current pleading consists of loosely stated generalized allegations and accusations of fraud directed toward the Defendants generally, with little in the way of specificity. Numerous causes of action accuse the Defendants of fraudulent activity, though they speak to a variety of claims: intentional misrepresentation and fraud, fraudulent concealment/suppression, and civil conspiracy. The specificity requirement applies to each and all such allegations.

The specificity requirement of fraud claims is a necessary requirement to preclude the filing of baseless claims and avoid general, unsubstantiated charges of fraud that can do damage to a defendant's reputation, but not afford it the opportunity to defend against the allegations. Generally, complaints allege certain actions that constitute a breach of duty, or a tort, etc. Allegations of fraud, without specificity of the particulars alleged, are merely the allegations of opinions, not actions.

The Plaintiffs Graziose are required to amend the current complaint and the other Plaintiffs are required to re-file their own separate complaints ( *nunc pro tunc* ). As they do so, they are instructed to include in their allegations, to the extent possible, the following particulars. Where they are unable to provide specifics, they will provide approximations or explanations, as to why those specifics are not available to them, but the bases for making the allegations.

The specifics should include . (though not necessarily be limited to) the following: (1) the dates the medicine in question was purchased; (2) the date the medicine was ingested; (3) the dosage used; (4) the specific damage, injury, or reaction causally related to the ingested medicine; (5) the date(s) of any purported fraudulent communication or misrepresentation, and/or when Plaintiff received it; (6) the date Plaintiff learned of, and the source of, the information that was purportedly concealed or suppressed; (7) the content of any purported fraudulent communications or misrepresentation or information which was concealed or suppressed; (8) who

disseminated the information and who received any of the foregoing communications or representations; (9) the object of, the nature of, and the participants in any claimed conspiracy, together with the specific conduct known to have been performed by each of the conspirators; (10) what overt acts or unlawful conduct was performed in the furtherance of the alleged conspiracy; (11) the content of warranties, whether express or implied, and the person(s) to whom and the date on which the warranties were promised. Where dates are unknown, closest approximations are appropriate. Where names are unknown, other descriptive information to permit identification should be provided.

### "DOE" DEFENDANTS

Finally, "[g]enerally, 'Doe' pleading is improper in federal court. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988). There is no provision in the Federal rules permitting the use of fictitious defendants. *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir.1970)." *McMillan v. Department of the Interior*, 907 F.Supp. 322 (D.Nev.1995). If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include "Doe" parties in the pleadings. This in no way precludes a party's right, upon learning of the participation of additional parties, to seek to amend the complaint (or answer) and have the amendment relate back in time to the original filing if the circumstances justify it. Accordingly, when the complaints are amended or re-filed in this case, Plaintiffs shall plead accordingly.

### DECISION

IT IS THEREFORE ORDERED that Defendant Novartis Consumer Health, Inc.'s Motion to Sever and for a More Definite Statement (# 26), together with the Joinders (## 19, 27, 31, 35, 50, 53) filed by the other Defendants, are GRANTED as stated above.

IT IS FURTHER ORDERED that Plaintiffs Maria T. Graziose and Joseph Graziose shall file an amended complaint herein as directed above, no later than sixty (60) days from the date of this order.

IT IS FURTHER ORDERED that Margaret and Wayne Robinson are dismissed from this Amended Complaint and are granted leave to file a separate complaint as directed above, no later than sixty (60) days from the date of this order.

IT IS FURTHER ORDERED that Mike and Mildred Kivatisky are dismissed from this Amended Complaint and are granted leave to file a separate complaint as directed above, no later than sixty (60) days from the date of this order.

IT IS FURTHER ORDERED that Layne Yranian is dismissed from this Amended Complaint and is granted leave to file a separate complaint as directed above, no later than sixty (60) days from the date of this order.

IT IS FURTHER ORDERED that Charles and Debra Newman are dismissed from this Amended Complaint and are granted leave to file a separate complaint as directed above, no later than sixty (60) days from the date of this order.

IT IS FURTHER ORDERED that Ida Kime is dismissed from this Amended Complaint and is granted leave to file a separate complaint as directed above, no later than sixty (60) days from this order.

IT IS FURTHER ORDERED that all new complaints ordered filed, together with the newly amended complaint, shall be considered *nunc pro tunc* and relate back in time to the date of the filing of the original complaint filed herein.